454 So.2d 377 (1984)
STATE of Louisiana
v.
John F. PRICE.
No. KA 1697.
Court of Appeal of Louisiana, Fourth Circuit.
July 31, 1984.
Writ Denied October 12, 1984.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Crim. Div., Harry F. Connick, Dist. Atty., Susan Scott Hunt, Asst. Dist. Atty., Robert Langer, Law Clerk, New Orleans, for plaintiff-appellee.
*378 Anthony R. Crouse, Student Practitioner, Calvin Johnson, Supervising Atty., New Orleans, for defendant-appellant.
Before GARRISON, KLEES and WARD, JJ.
GARRISON, Judge.
The defendant, John F. Price, was charged by bill of information with possession of stolen property in violation of La. R.S. 14:69. The stolen property was valued at $180.00. The trial judge found the defendant guilty as charged and sentenced him to serve one year in Orleans Parish Prison. Defendant appeals his conviction and sentence.
The facts of this case are as follows: On August 10, 1982, Guyleen Murray left her apartment at 4:00 p.m. to pick up her husband from work. When they returned at approximately 5:45 p.m., the side door had been opened and their apartment had been ransacked. Many items were missing from the apartment including televisions, cameras and jewelry. One of the missing pieces of jewelry was an initialled heart-shaped gold pendant and chain valued at $180.00. This necklace was pawned at the Odyssey Gold Exchange on August 11, 1982, the morning following the burglary, for $20.00 by a man identified as John Price.
Mr. Morris Mahana, the proprietor of the Odyssey Gold Exchange, testified that his store policy requires that sellers present sufficient identification such as a driver's license before a transaction will be completed. This information, along with the seller's signature, a description of his or her attire at the time of the sale and a description of the pawned property are included in an identification report. A copy of this report is immediately sent to the Pawnshop Division of the New Orleans Police Department.
The report on the jewelry in question identified the seller as John Price. The information and signature on the report matched the information and signature on the defendant's driver's license. A routine check by the police department revealed that the property sold by Mr. Price at the Odyssey Gold Exchange matched a description of property stolen from the Murray's apartment. This necklace was promptly retrieved by the police department and the defendant was arrested for possession of stolen property when he was recognized by police while being ticketed for a traffic violation.
Defendant claims that he has never seen the jewelry in question and that he did not pawn anything on August 11, 1982. He further claims that he always signs his name "John F. Price" and he asks the court to be persuaded by the fact that the signature on the pawnshop receipt was "John Price". However, it should be noted that the signature on Price's driver's license does not contain a middle initial.
A review of the record reveals that there are no errors patent.
Defendant alleges the following assignments of error:
(1) The trial court erred in denying the defendant's motion for acquittal.
(2) The evidence presented at trial was insufficient to support a guilty verdict.
At the close of the State's case, the defendant made a motion for acquittal pursuant to C.Cr.P. 778 which provides:
In a trial by the judge alone the court shall enter a judgment of acquittal on one or more of the offenses charged, on its own motion or on that of defendant, after the close of the state's evidence or of all the evidence, if the evidence is insufficient to sustain a conviction.
If the court denied a defendant's motion for a judgment of acquittal at the close of the state's case, the defendant may offer its evidence in defense.
This motion was denied by the trial judge. The denial of a motion for acquittal may be reversed on appeal only if there is no evidence of the crime or an essential element thereof or where the denial is a palpable abuse of discretion. State v. Hargrave, 411 So.2d 1058 (La.1982).
*379 The four elements of the crime of illegal possession of stolen things are:
(1) the intentional procuring, receiving, or concealing
(2) of anything of value
(3) which has been the subject of any robbery or theft
(4) under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses. La.R.S. 14:69; State v. Walker, 350 So.2d 176 (La.1977)
The State presented evidence which identified the defendant as the person who sold the jewelry to the Odyssey Gold Exchange. The jewelry was valued at $180.00 and was identified by Guyleen Murray as an item missing from her burglarized apartment. Additionally, the facts that the jewelry was sold within one day of the burglary, that the seller settled for payment of only $20.00 for jewelry valued at $180.00 and that the defendant denied pawning the necklace which was contradicted by the State's evidence indicates that the defendant knew or had good reason to believe that the jewelry in question was stolen. The fact that the seller willingly gave his driver's license as identification to the proprietor of the pawnshop does not prove that the defendant had no knowledge that the jewelry was stolen. Therefore, the State presented sufficient evidence of the essential elements of this crime and the denial of defendant's motion for acquittal was not an abuse of the trial judge's discretion. This assignment of error is without merit.
Defendant also contends that the evidence presented at trial was insufficient to support a guilty verdict. The standard of appellate review in criminal cases is stated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) as follows: Viewing the evidence in the light most favorable to the prosecution, a conviction must be based on proof sufficient for any rational trier of fact to find the essential elements of the crime charged beyond a reasonable doubt. Additionally, when circumstantial evidence is involved, La.R.S. 15:438 requires:
"Assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence."
In this case, the identification report from Odyssey Gold Exchange contained information including the defendant's signature, driver's license number, height and weight. Defendant's claim that the seller might have been one of his two sons, who are named John and Johnny, is insupportable. An establishment which requires detailed identification would certainly not allow a young man in his 20's or 30's to use as identification a driver's license containing the picture of a 50 year old man. The overall evidence, direct and circumstantial, was sufficient for a rational juror to conclude that the defendant was guilty of possession of stolen property. This assignment of error is also without merit.
Therefore, for the reasons discussed above, the defendant's conviction and sentence are affirmed.
AFFIRMED.