WARD, Judge.
Cornelius D. Petit[1] was convicted by a six member jury of illegal possession of a stolen car, a violation of La.R.S. 14:69. He was sentenced to three years at hard labor, but the sentence was suspended, and he was placed on active probation, with conditions as part of probation that he pay a fine and make restitution to the victim for property damage to his automobile. Petit contends there is insufficient evidence to support his conviction and requests this Court to review the record for sufficiency of the evidence in compliance with the standards of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We believe there is sufficient evidence to support Petit’s conviction for the crime.
The evidence shows that on April 25, 1983 George Western was robbed at gun point of his automobile, a blue 1981 Audi, by two men. On April 27, 1983 at approximately 1:00 a.m., New Orleans Police Officers Daniel Luther and Harold Buttone, while in an unmarked police car going west on I — 10, observed a blue 1981 Audi pass their car at a high rate of speed. Its license plate was dangling by one bolt, and one of the four passengers, seated in the back of the car, kept looking back nervously at the police.
The officers followed the Audi while using the police radio to request a license and registration check. They continued to follow the car as it exited off the I — 10 at Elysian Fields. Meanwhile, the license check revealed that the plate on the Audi belonged to a 1973 Chevrolet.
Officer Luther then called for assistance to stop the Audi and turned on the siren and blue lights. The Audi stopped, and Officer Luther got out of the police car and approached the Audi.
Another police unit responded to the call for assistance and blocked the path of the Audi by stopping some distance in front of it. Although the street was well lit, Officer Luther used his flash light. As he approached the Audi, he could observe all the occupants of the car and noticed they acted nervously. When the officer was just a short distance from the car, its driver suddenly accelerated and went around the police unit blocking its path. A high speed chase ensued. During the chase, the police stayed close behind the Audi and were able to see inside the car. During the chase, the Audi crashed into a parked car and all four occupants “bailed out” and started running. The officers continued to chase the four men.
After losing sight of the suspects, Officer Luther called in a description of the men over the police radio. He described the driver of the Audi, later identified as Cornelius Petit, as a young black male in his twenties with short cropped hair and wearing a dark colored shirt and hat. The hat had white letters with the words “Gus Betat and Sons, New Orleans, Louisiana.”
Within a few minutes, the police apprehended three of the four men, including Cornelius Petit, and Gregory McKnight. Petit was stopped by Officer William Rei-her and his partner about ten blocks from where the Audi had been abandoned. The plainclothes officers identified themselves as police, frisked Petit for weapons, and told him he was not under arrest, but that he fit a general description of a suspect. Officer Reiher also testified Petit was breathing and perspiring heavily.
Petit voluntarily accompanied the officers to meet Officers Luther and Buttone where he was positively identified by Officer Luther as the driver of the Audi and arrested. Petit was wearing the Gus Betat hat.
*751 Other police officers who were involved in the incident testified and corroborated Officer Luther’s testimony. The officers’ testimony was uncontradicted by Petit or his witnesses.
At trial, George Western, the owner of the Audi, identified Gregory McKnight as one of the two men who robbed him at gunpoint. He testified Petit was not one of the armed robbers. Gregory McKnight, was charged and later convicted of that armed robbery. Petit testified he was at a local bar for its Tuesday night fish fry until about 12:45 a.m. when he left to walk to his girlfriend’s apartment, about one mile from the bar. The owner of the bar testified Petit was at the bar until 11:30 p.m. Petit’s girlfriend testified that Petit never did arrive at her apartment.
The crime of possessing stolen things consists of four separate elements:
(1) the intentional possessing, procuring, receiving, or concealing;
(2) of anything of value;
(3) which has been the subject of robbery or theft;
(4) under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses. Petit does not challenge elements two and three, but claims the State failed to prove elements one and four.
Because we must consider the evidence in the light most favorable to the State, we consider as proven that Petit was the driver of the stolen vehicle, that the license plate had been changed, that the man who robbed Western of the vehicle was a passenger, and that Petit attempted to flee. Flight may be considered as evidence of a guilty mind. Considering these facts as proven we have no difficulty in concluding that the Jackson v. Virginia standard has been readily met, i.e., a rational trier of fact could conclude that the State proved beyond a reasonable doubt that Petit had knowledge the Audi he was driving was a stolen vehicle and that he is guilty as charged.
AFFIRMED.

. Shawn Defillo, another occupant of the car, was tried as a co-defendant with Cornelius Petit. This appeal applies to Cornelius Petit only.