472 So.2d 79 (1985)
STATE of Louisiana
v.
Benjamin BRUCE.
No. 84-KA-615.
Court of Appeal of Louisiana, Fifth Circuit.
June 3, 1985.
*80 Martha E. Sassone, Staff Appellate Counsel, 24th Judicial Dist., Indigent Defender Bd., Gretna, for appellant.
John M. Mamoulides, Melvin Zeno, Dorothy A. Pendergast, Dist. Atty's. Office, 24th Judicial Dist., Jefferson Parish, Gretna, for appellee.
Before CHEHARDY, GRISBAUM and DUFRESNE, JJ.
GRISBAUM, Judge.
This appeal arises out of a conviction for illegal possession of stolen things valued at over $500 (Louisiana Revised Statute 14:69). We reverse.
The principal issue is whether the State proved each element of the crime beyond a reasonable doubt.

PROCEDURAL HISTORY
On November 23, 1983, the Jefferson Parish District Attorney filed a bill of information charging the defendant with receiving stolen things, to wit: a vehicle valued at $9000 (in violation of Louisiana Revised Statute 14:69). The defendant was arraigned on December 7, 1983 and represented by appointed counsel, pled not guilty to the charge. The defendant's Motion for a Preliminary Examination was marked satisfied on January 25, 1984.
The trial commenced March 12, 1984, and a jury of six (6) plus one (1) alternate was impaneled. The following day, the jury returned a verdict of guilty of illegal possession of stolen things valued at over $500. The trial judge ordered a pre-sentence investigation.
On May 30, 1984, the defendant was sentenced to the maximum term for a violation of Louisiana Revised Statute 14:69 A, B(1), ten (10) years at hard labor.

FACTS
On November 11, 1983, the defendant was arrested. Observed by police officers, he had walked alongside Jefferson Highway and into the parking lot of the Pilot House Apartment complex. The defendant walked all the way to the rear of the complex and, apparently using a key, got into a blue 1983 Firebird and drove away. The police apprehended him (at the wheel) a short distance away near the 5900 block of Jefferson Highway. The vehicle was the property of P.V. Holding Corporation (Avis Rent-A-Car of 900 Airline Highway) and was listed as stolen by the Kenner Police.
The record reflects defense counsel, in brief, requests review of the record for error patent. Our jurisprudence has clearly stated that an error patent review includes a review of the sufficiency of the evidence. Tate v. Raymo, 419 So.2d 858 (La.1982); State v. Price, 454 So.2d 377 (La.App. 4th Cir.1984); State v. Marchese, 430 So.2d 1303 (La.App. 1st Cir.1983).
Our standard of review regarding sufficiency of the evidence was eloquently stated by Justice Lemmon in State v. Camp, 446 So.2d 1207, 1208-09 (La.1984), which states:
* * * * * *
La. Const. Art. V, §§ 5 and 10 (1974) limit the jurisdiction of the Supreme *81 Court of Louisiana and of the courts of appeal in criminal cases to questions of law. Whether the evidence is sufficient to support a conviction is a question of law, although the determination of this question necessarily involves a review of the record evidence. The standard for performing this review, mandated in Jackson v. Virginia, [443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)] is that the reviewing court must determine that the record evidence, viewed in the light most favorable to the prosecution, is sufficient to convince a rational juror that the defendant is guilty beyond a reasonable doubt of the crime of which he has been convicted.
The due process clause of the Fourteenth Amendment protects a defendant in a criminal case against conviction except upon proof beyond a reasonable doubt of every element of the crime with which he is charged. In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). The Jackson decision imposed the "rational juror" standard for reviewing the jury's determination that the evidence constituted proof beyond a reasonable doubt.
The standard for appellate review mandated by the United States Supreme Court also applies in cases which involve circumstantial evidence. The United States Supreme Court has rejected a contention that the trial judge is constitutionally required to instruct the jury that circumstantial evidence must exclude every reasonable hypothesis other than that of guilt. Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954); ... The Court stated that "the better rule is that where the jury is properly instructed on the standards for reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect." 348 U.S. at 139, 75 S.Ct. at 137.
La.R.S. 15:438 provides the following rule for circumstantial evidence in Louisiana:
"The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence."
Therefore, when the defendant requests an instruction in a Louisiana case involving circumstantial evidence, the trial judge is statutorily required to instruct the jury in accordance with Section 438. However, the standard of appellate review of a conviction is the same in all cases, whether or not circumstantial evidence is involved: The evidence, viewed in the light most favorable to the prosecution, must be sufficient for a rational juror to conclude beyond a reasonable doubt that [the] defendant is guilty of the crime. Nevertheless, the rule stated in Section 438 is useful in determining the existence of a reasonable doubt, because when the overall evidence, direct and circumstantial, does not exclude a reasonable hypothesis of innocence, there exists a reasonable doubt as to guilt. (Citations and footnotes omitted.)
* * * * * *
As an additional aid in exercising our standard of review relative to the crime of illegal possession of stolen things, our jurisprudence points out that the essential elements are: (1) the intentional possessing, procuring, receiving or concealing (2) of any thing of value (3) which has been the subject of a robbery or a theft (4) under circumstances which indicate the offender knew or had good reason to believe that the thing was the subject of one of these offenses. State v. Price, 454 So.2d 377 (La.App. 4th Cir.1984); State v. Slaughter, 451 So.2d 59 (La.App. 4th Cir.1984); State v. Simpson, 447 So.2d 98 (La.App. 4th Cir. 1984). To uphold the defendant's conviction, the evidence, considered in the light most favorable to the prosecution, must be sufficient to convince any rational trier of fact that these essential elements have been proved beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984).
The State's evidence did establish that the defendant was in possession of the *82 vehicle in question, and it also established its value was in excess of $500.
However, the evidence did not establish that the vehicle was the subject of a robbery or a theft nor, under the circumstances, indicate the offender knew or had good reason to believe that the vehicle was the subject of a robbery or theft. Detective Alan Drumm of the Kenner Police Department testified that the car was listed by the Kenner Police as being stolen. He does not say on what the listing as stolen is premised, say just who reported the car stolen, nor lay a foundation as to the reliability of the listing. A Mr. Herbert Washington, employed by Avis Used Cars and relying on business records, testified that the car was owned by Avis on November 11, 1983; that Avis sold the car on January 18, 1984; and that Avis had paid $8421.27 for the car in March, 1983. Although on direct-examination he asserts the car was reported stolen and that the defendant never had permission to have the car, Mr. Washington on cross-exam concedes that he would not know if the defendant had permission to drive the car. Washington, moreover, responds with circular non-reasoning when defense counsel repeats the question. Additionally, he cannot say when last he saw the particular car since Avis had several blue Firebirds at that time. Mr. Washington never rents cars himself but does various odd jobs. Not Washington but the supervisor on duty would report a car stolen. Washington would know about it only by its showing up on the company computer. On redirect, Washington indicates that Avis' business records do not indicate that Bruce ever owned the Firebird. When recalled, Detective Drumm testified that Bruce never produced any rental papers on the car.
The defendant apparently had keys with which to enter and start the car. At least he so deftly got into the locked car that Detective Drumm observing him, gathered he had keys. There is no testimony Bruce tried to elude police officers once they made themselves known and no testimony of the defendant's suspiciously checking about the surroundings as he approached the car. The car was parked to the rear of an apartment complex and backed into its space so that it was not visible from Jefferson Highway. Bruce, apparently, walked directly to the car and got in. When stopped, he never produced any rental or ownership papers. Neither did he ever make any statement. Although Detective Drumm testifies that stolen license plates had been substituted for the car's proper plates, no evidence indicates the defendant knew or should have known of this. Nor is the car's being hidden from street view of itself any good reason to believe it stolen.
Essentially, one element of the crime is supported by uncorroborated hearsay while another is not substantiated at all. Under such circumstances, even viewing the evidence in the light most favorable to the State, no case of the defendant's having committed a crime is proved. Therefore, we find there was insufficient evidence from which a rational jury could have concluded this defendant was guilty of illegal possession of stolen things. Accordingly, for the reasons assigned, the conviction and sentence are reversed.
REVERSED.