LOBRANO, Judge.
Defendant, Ernest L. Waldron, was charged by bill of information with possession of firearms by a convicted felon and possession of cocaine, violations of La.R.S. *164 14:95.1[1] and La.R.S. 40:967(C),[2] respectively-
On February 28, 1984 defendant was arraigned on the firearms charge and pled not guilty. On March 1, 1984 defendant was arraigned on the cocaine charge and pled not guilty. Defendant filed motions to suppress the evidence as to each count. On April 6, 1984 both motions were denied. On June 11, 1984, defendant withdrew his pleas of not guilty and pled guilty to both counts under State v. Crosby, 338 So.2d 584 (La.1976), reserving his right to appeal the denial of the motions to suppress.
On September 6, 1984, defendant was sentenced on the firearms conviction to three (3) years at hard labor without benefit of parole, probation, or suspension of sentence and fined $1,000.00; on the cocaine conviction he was sentenced to two (2) years at hard labor. The sentences were to run concurrent.
FACTS:
On January 9, 1984, narcotics officer, Clarence Wethern spoke with a confidential informant whose information in the past led to the arrests of persons engaged in criminal activity within the New Orleans area. Officer Wethern was informed that three days prior to the above date, the informant had occasion to visit room 23 at the Glenrose Motel located at 7930 Chef Menteur Highway for the sole purpose of purchasing a quantity of cocaine from defendant.
In response to this information, Officer Wethern set up surveillance across the street from the motel on the night of January 9, 1984. Between 9:45 and 10:10 p.m., several black males were observed entering defendant’s room at various times for short durations. The observation of traffic to and from defendant’s motel room combined with the information received from the informant led Officer Wethern to suspect that controlled dangerous substances were being secreted in and distributed from defendant’s room (23) at the Glenrose Motel.
The next day Commissioner Nils Douglas issued a search warrant for room 23 at the Glenrose Motel. Three days later, on January 13, 1984, surveillance was again set up across from the motel. Defendant was observed leaving the motel. Officer Wethern radioed Officers Melder and Doucette who followed defendant to a local bar on Dale Street. Melder and Doucette set up surveillance outside the bar. After a few minutes they observed defendant exit the bar. Defendant walked to his car and opened *165 the trunk. The officers walked toward defendant. As they approached defendant they observed him holding a clear plastic bag of marijuana which he dropped into the open trunk. Defendant was then placed under arrest. The trunk remained open. Inside the trunk, in the officers plain view, was a shotgun and a clear plastic bag containing white powder which the officers seized. The officers then proceeded back to the motel with defendant where they met Wethern. All four men then entered defendant’s room (23) where they observed marijuana, a scale, and a strip of heat-sealed plastic containing a powder residue. Defendant informed the officers that there was “a few bags” left in the car. Wethern took the defendant’s car keys and proceeded to the bar where the car was parked. Intending to drive the car to police headquarters, he opened the door of the car. On the floorboard, in plain view, were two hand guns and a brown paper bag containing marijuana.
Defendant appeals and as his sole assignment of error alleges that the trial court erred in denying his motions to suppress the evidence.
The police came into possession of the various pieces of evidence before and after defendant’s arrest thru three searches: one of defendant’s open trunk; one of his motel room; and one of the interior of his car. The search of the interior of defendant’s car is not complained of on appeal and will not be addressed.
Defendant argues extensively about the validity of the search of his motel room, and the warrant obtained in connection with that search. However, defendant was convicted for possession of cocaine and the shotgun neither of which were seized from defendant’s motel room. Thus we find it unnecessary to consider the merits of that argument.
The cocaine and shotgun were seized from defendant’s open trunk and clearly fall within the “plain view” exception to the Fourth Amendment prohibition against unreasonable searches and, seizures. It is well established that “a police officer who is lawfully upon the premises, has probable cause to seize contraband which is in plain view” State v. Huizar, 414 So.2d 741 (La.1982); Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). In the instant case, the officers were lawfully present when they were walking toward defendant whose ear was parked along a public street. The shotgun and cocaine were plainly visible to them from the open trunk of defendant’s car. Thus, the cocaine and shotgun were lawfully seized.
This assignment of error is without merit.
ERRORS PATENT:
A review of the record reveals that the minute entries do not reflect whether the defendant was present at his arraignment. However, since defendant pled not guilty at that time the error, if any, was harmless. State v. Charles, 450 So.2d 1287 (La. 1984).
We also note that defendant was sentenced after his order of appeal was filed. In State ex rel. Tuesno v. Maggio, 441 So.2d 1226 (1983), the Louisiana Supreme Court, relying on State v. Sharper, 383 So.2d 1248 (La.1980) held the trial court to be without jurisdiction to impose an enhanced sentence since an order of appeal had been entered prior to the imposition of that enhanced sentence. We are of the opinion those cases are not applicable to the instant case because there was no sentence imposed prior to the appeal order. Code of Criminal Procedure Article 912 provides in pertinent part:
* * * * * *
“C. The judgments or rulings from which the defendant may appeal include, but are not limited to: '
(1) A judgment which imposes sentence;”
* * * * * *
It is well established in our jurisprudence that a defendant can appeal from a final judgment of conviction only when sentence has been imposed. State v. London, 316 *166 So.2d 743 (La.1975). Therefore we find no error in the trial court imposing sentence in this case after the appeal order was filed since that order was filed prematurely and would have no effect at that time.
Conviction and sentence affirmed.
AFFIRMED.

. La.R.S. 14:95.1:
"A. It is unlawful for any person who has been convicted of first or second degree murder, manslaughter, aggravated battery, aggravated or simple rape, aggravated kidnapping, aggravated arson, aggravated or simple burglary, armed or simple robbery, burglary of a pharmacy, burglary of an inhabited dwelling, or any violation of the Uniform Controlled Dangerous Substances Law which is a felony or any crime defined as an attempt'to commit one of the above enumerated offenses under the laws of this state, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which if committed in this state, would be one of the above enumerated crimes, to possess a firearm or carry a concealed weapon.
B. Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than three nor more than ten years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars....”

. La.R.S. 40:967(C):
“C. Possession. It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance as classified in Schedule II unless such substance was obtained directly, or pursuant to a valid prescription or order from a practitioner as provided in R.S. 40:978, while acting in the course of his professional practice, or except as otherwise authorized by this Part.
(1) Any person who violates this Subsection with respect to pentazocine shall be imprisoned with or without hard labor for not less than two years and for not more than five years and, in addition, may be sentenced to pay a fine of not more than five thousand dollars.
(2) Any person who violates this Subsection as to any other controlled dangerous substance shall be imprisoned with or without hard labor for not more than five years and, in addition, may be sentenced to pay a fine of not more than five thousand dollars.”