492 So.2d 1265 (1986)
STATE of Louisiana
v.
Ralph C. JACKSON.
No. KA 4212.
Court of Appeal of Louisiana, Fourth Circuit.
August 6, 1986.
*1266 M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., H.T. Cox, Asst. Dist. Atty., New Orleans, for appellee.
Before BARRY, CIACCIO and ARMSTRONG, JJ.
CIACCIO, Judge.
Defendant, Ralph C. Jackson, was indicted for the crime of possession of heroin with the intent to distribute. R.S. 40:966. He was found guilty by a twelve member jury of possession of heroin. R.S. 40:966(C)(1). The court sentenced the defendant to serve nine years at hard labor in the custody of the Department of Corrections, with four years of the sentence to be served without the benefit of parole, probation or suspension of sentence. The defendant was also ordered to pay $74.00 court cost and, in default of payment, to serve an additional 30 days imprisonment. Defendant appeals, attacking the legality of his sentence. We affirm the defendant's conviction and amend the defendant's sentence.
Operating upon information received that there was drug trafficking in the vicinity of Clio and Baronne Streets in New Orleans, the New Orleans Police Department set up a routine surveillence of the area. On May 11, 1983 at approximately 11:15 a.m. Officer Tom Phillips of the Special Operations and Street Crimes Section of the New Orleans Police Department had positioned himself on the second floor of an abandoned building, which was some thirty feet from the intersection. He observed the activities from the vantage point with the aid of a pair of binoculars. Within a few blocks of this location were Officers Horst and Wagner, in police vehicle # 2126, Officers Wilson and Pollard in police vehicle # 2124 and Officers Kinn and Tumonello in police vehicle #2136. The fellow policemen were in radio contact with each other.
The defendant was first observed at approximately 11:25 a.m. as he exited the Porter's Bar, located on the downtown river corner of that intersection. He met two to three black males on the corner and they engaged in conversation. One of the black males was known as "Willie Bland". Bland gave money to the defendant. After receiving the money from Bland, the defendant crossed the street where he disappeared from sight. He thereafter returned and handed Bland a tin foil packet which Bland received before he left the scene. The defendant then returned to the bar. Bland was arrested, shortly thereafter, by Officers Wilson and Pollard.
A subject, known as Joseph Thomas, approached and the defendant met him in the doorway of the bar. Thomas gave the defendant money and after receiving it, the defendant walked inside the bar. Approximately one minute later the defendant exited the bar and gave Thomas a shiny packet. Thomas was thereafter arrested by the policemen engaged in this surveillence operation.
At approximately 2:10 p.m., two subjects, Ira Boeier and David McGee drove to the scene, stopped their sportscar and exited the vehicle. They met the defendant at the doorway of the bar. Each of the subjects took out money from their pockets and handed it to the defendant. The subjects entered the bar and sat at a table near the door. They received small packets from the defendant and they thereafter exited the bar. The subjects were soon apprehended by the awaiting policemen.
At approximately 3:15 p.m. an unknown subject approached the defendant as he stood in front of a house next to the bar. The subject gave money to the defendant. After receiving the money, the defendant walked behind an abandoned vehicle. There he removed a red wallet from his back pants pocket and he removed several tin foil packets from the wallet. At this time, Officer Wilson was instructed to arrest the defendant, which he did. Officer Wilson removed the red wallet from the defendant's pant's pocket. Policeman Phillips *1267 then met Officers Wilson and Pollard at the scene of this arrest. The defendant also was found in possession of $165.00 in cash.
The tin packets were taken to the Crime Lab where they were analyzed and found to contain heroin.
The defendant denied the possession of the drug and contended that the entire incident was the product of the police for his failure to cooperate as an informant.
On appeal the defendant alleges two assignments of error.

Assignment of Error No. 1
In his first assignment of error, the defendant contends that the trial court erred in imposing sentence wherein he was to pay court costs and, in lieu thereof, he was to serve an additional thirty days in jail.
In Williams v. Illinois, the United States Supreme Court held that "a State may not constitutionally imprison beyond the maximum duration fixed by statute a defendant who is financially unable to pay a fine." 399 U.S. 235, 90 S.Ct. 2018, 2023, 26 L.Ed.2d 586 (1970). The Court further stated: "We hold only that the Equal Protection Clause of the Fourteenth Amendment requires that the statutory ceiling placed on imprisonment for any substantive offense be the same for all defendants irrespective of their economic status. Williams v. Illinois", supra 90 S.Ct. at 2023-2024.
In Bearden v. Georgia, the United States Supreme Court considered the case of a defendant who was ordered, as part of his sentence, to pay a fine and make financial restitution. 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). The defendant made a partial payment but was thereafter laid off of his job and thus, became unable to complete the full payment ordered. The State moved for a revocation of the defendant's probation for failure to pay the monies ordered. The district court revoked the probation on this basis and the state appeal court affirmed. In reversing the lower courts, the United States Supreme Court held as follows:
We hold, therefore, that in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternate measures of punishment other than imprisonment. Only if alternate measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment. 103 S.Ct. 2064 at 2073 (1983).
In this case the court's sentence would automatically turn a fine into a prison sentence, without inquiring into the reason for this indigent defendant's[1] inability to pay or the propriety of reducing the fine, extending the time for payments or making alternative orders. Such a practice is condemned by the Williams and Bearden decisions supra. See also: Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971); Morris v. Schoonfield, 399 U.S. 508, 90 S.Ct. 2232, 26 L.Ed.2d 773 (1970); State v. Garrett, 480 So.2d 412 (La.App., 4th Cir., 1985) writs granted and sentence amended, 484 So.2d 662 (1986).
The Louisiana Supreme Court has also amended sentences imposed by the trial court wherein the defendant was ordered *1268 to serve additional time in default of the payment of court costs. State v. Barlow, 488 So.2d 180 (La.1986) citing State v. Garrett, 484 So.2d 662 (La., 1986)
For these reasons we will amend the defendant's sentence so as to delete that portion which imposes an additional thirty days in lieu of the payment of court costs.

Assignment of Error No. 2
The defendant, by this assignment of error contends that the trial court imposed an illegal sentence when it ordered four years of the nine year sentence to be served without benefit of "parole".
The State concedes that under the express sentencing provisions of the possession of heroin statute the trial court erred in this regard. R.S. 40:966(C)(1). We agree.
For these reasons we will amend the defendant's sentence to allow for the benefit of parole during the subject time.
Therefore, in accordance with the opinion herein expressed, the defendant's conviction is affirmed. The defendant's sentence is amended to delete the provision that the defendant be jailed for 30 days in lieu of the payment of court costs. The sentence is further amended to delete the provision that four years of the nine year sentence is to be served without benefit of "parole". In all other respects, the sentence is affirmed.
CONVICTION AFFIRMED; SENTENCE AMENDED AND AS AMENDED, SENTENCE IS AFFIRMED.
NOTES
[1] Although this defendant had retained counsel at trial, he was appointed counsel for his appeal, after being found to qualify due to indigency. State v. Williams, 288 So.2d 319 (1974).