496 So.2d 1090 (1986)
STATE of Louisiana
v.
Raymond ELLZEY.
No. KA-5453.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1986.
*1091 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., A. Hammond Scott, Asst. Dist. Atty., New Orleans, for plaintiff-appellant.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellee.
Before SCHOTT, BARRY and WILLIAMS, JJ.
BARRY, Judge.
The defendant Raymond Ellzey, James Ratliff and Michael Ayers were charged with theft, but the bill of information was amended to possession of stolen property valued over $500.00, La.R.S. 14:69. Ratliff and Ayers pleaded guilty. Ellzey, after denial of his motion to suppress, proceeded with a bench trial, was found guilty, and sentenced as a second offender to three years, four months at hard labor.

FACTS
A black pickup truck was stolen on the afternoon of June 11, 1985. That night around 9:00 p.m. Officers Little and Michel, working in an unmarked car, responded to a call that a truck was being stripped at Urquhart and Piety Sts. A marked police car approached from the opposite direction.
The officers saw the pickup truck which had two of its tires removed, and a silver van parked behind the truck with two tires inside. Ellzey and Ayers began to run (or walk hurriedly) away from the marked police car in the direction of the plain clothes officers who detained the three men. Val Schaff, owner of the truck, claimed the vehicle at the scene. At trial it was stipulated that no one had permission to take the truck or its tires.
Officers Little and Michel testified that the defendant was advised of his rights and signed a waiver form. The officers said he made a verbal statement that he was with Ratliff and Ayres when the truck was pushed around the corner, but he denied that he helped strip the truck.
Ratliff and Ayers testified they gave the defendant a ride home and he fell asleep almost immediately in the front seat. The two said the truck was purchased earlier that day and they were protecting Ratliff's $200.00 deposit by moving the truck and taking the tires to make it immobile. They claimed the defendant slept during the incident.
The defendant denied making a statement and said he slept through the affair, even though the tires were placed in the van next to where he was allegedly sleeping. He said when he awoke and saw what was happening he started to walk home and was arrested.
Our review of the record for errors patent shows that the defendant was not arraigned after the State amended the bill of information. A failure to arraign is waived if the defendant does not object prior to trial. La.C.Cr.P. art. 555. The defendant did not object and the error is harmless. State v. Dixon, 471 So.2d 282 (La.App. 4th Cir.1985).

BILL OF INFORMATION/INSUFFICIENT EVIDENCE
The defendant argues the bill of information fails to charge a crime and alternatively that there is insufficient evidence to convict. The amended short form information charged "possession of stolen property; *1092 to wit: an automobile valued in an amount greater than five hundred dollars ($500.00) belonging to Val Schaff, with the intent to deprive David Clark permanently of said property."
The information is based on La.R.S. 14:69 A which defines the crime as the intentional possessing, procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses. The last part of the information (as to David Clark) is obviously inappropriate.
Our jurisprudence favors the validity of an indictment/information when the defendant has adequate notice of the crime charged. State v. James, 339 So.2d 741 (La.1976). A defendant cannot complain after verdict about the sufficiency of the indictment or bill of information unless it is so defective that it does not set forth an identifiable offense and inform the defendant of its statutory basis. State v. Robicheaux, 412 So.2d 1313 (La.1982).
An information is not invalid or insufficient because it contains unnecessary allegations which may be disregarded as surplusage. La.C.Cr.P. art. 486; State v. Neslo, 433 So.2d 73 (La.1983). The last part of the information which contains the unnecessary allegation is disregarded as surplusage. See State v. Garlepied, 454 So.2d 1147 (La.App. 4th Cir.1984), writ denied 462 So.2d 189 (La.1984).
The surplus phrase did not hinder or preclude the defendant's ability to clearly understand the offense charged or its statutory basis.
As to sufficiency of the evidence, the essential elements of illegal possession of stolen things are: (1) the intentional possessing, procuring, receiving, or concealing (2) of anything of value (3) which has been the subject of robbery or theft (4) under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses. State v. Petit, 463 So.2d 749 (La.App. 4th Cir.1985); State v. Price, 454 So.2d 377 (La.App. 4th Cir.1984), writ denied 458 So.2d 126 (La.1984). Mere possession of stolen property does not create a presumption that the possessor knew it was stolen. State v. Ennis, 414 So.2d 661 (La.1982); State v. Slaughter, 451 So.2d 59 (La.App. 4th Cir.1984).
The defendant focuses on the scienter requirement that the State did not prove guilty knowledge. The State introduced a photograph of the pickup truck and defense witness (co-defendant) Ratliff established its value at the $600.00 purchase price.
The defendant's statement to the police referred to the truck as stolen. It is difficult, at best, to believe his story that he slept during the entire incident, especially when the tires were put next to him in the van. He attempted to run away when the police arrived.
Our standard of review is to determine whether the evidence, when viewed in the light most favorable to the prosecution, is sufficient for a rational trier of fact to conclude that the essential elements of the crime were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Where circumstantial evidence is utilized to prove the offense, La.R.S. 15:438 mandates that "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." Exclusion of every reasonable hypothesis of innocence is a component of the more comprehensive reasonable doubt standard in such cases. State v. Wright, 445 So.2d 1198 (La.1984).
The trial judge found the testimony of the defendant and his co-defendants unbelievable:
While it may be questionable that Ellzey stole the truck he certainly knew or should have known that when Ayers and Ratliff stripped it, that the truck was not theirs and especially when tires were stolen *1093 right in front of his eyes. Even assuming that Ellzey slept in the car, it could not have escaped him that the tires were loaded into the van. Ellzey's flight upon the arrival of the police, his statement to the police, his story that he needed a lift home, although he rode around for an hour, his alleged sleeping in the truck although the tires were loaded in, leave no other conclusion [but] that the defendant knew that the truck and that [the] tires were stolen and possessed without authorization. The testimony of the three co-defendants is not worthy of belief and flies in the face of all reason.
The believability of witnesses is within the province of the trier of fact.
The court clearly considered the scienter element and found it had been proven. Viewing the evidence, both direct and circumstantial, in the light most favorable to the prosecution, we conclude the essential elements were proven beyond a reasonable doubt.

JURISDICTION
On December 2, 1985 the judge found the defendant guilty as charged, granted his oral motion for appeal, set a return date, and pronounced sentence to be eighteen months at hard labor, plus $80.00 in court costs or an additional thirty days. The Notice and Motion & Order of Appeal reflect that date.[1] On December 11, 1985 he was adjudicated a multiple offender, the sentence was vacated, and he was re-sentenced to three years, four months at hard labor.
A defendant can appeal from a conviction only after the sentence has been imposed. La.C.Cr.P. Art. 912 C(1); State v. Chapman, 471 So.2d 716 (La.1985); State v. London, 316 So.2d 743 (La.1975).
The jurisdiction of the trial court is divested and the appellate court attaches upon the entering of an order of appeal. La.C.Cr.P. art. 916; State v. Stephens, 438 So.2d 203 (La.1983).
Dismissing this appeal and ordering a remand over a technicality would only prolong the appellate process. We conclude that an appeal should not be dismissed when a sentence is imposed immediately after an oral motion for appeal is granted. State v. Martin, 483 So.2d 1223 (La.App. 4th Cir.1986). See also State v. Waldron, 482 So.2d 163 (La.App. 4th Cir. 1986).
Clearly, the court was divested of jurisdiction when it adjudicated the defendant a multiple offender on December 11, 1985 after the appeal had been granted on December 2, 1985. State v. Sparks, 483 So.2d 1246 (La.App. 4th Cir.1986); State v. Felton, 482 So.2d 191 (La.App. 4th Cir. 1986). The enhanced sentence must be vacated.[2]
This Court would normally reinstate the original sentence. However, the defendant is an indigent represented by the Orleans Indigent Defender Program and was ordered to pay $80.00 in court costs or serve an additional thirty days. This Court has held unconstitutional that portion of an indigent defendant's sentence imposing payment of a fine or court costs in default of which he must serve additional time. State v. Barnes, 495 So.2d 310 (La.App. 4th Cir.1986); State v. Jackson, 492 So.2d 1265 (La.App. 4th Cir.1986); State v. Williams, 489 So.2d 286 (La.App. 4th Cir.1986). The original sentence must be amended to delete the 30 days in default of costs.
The defendant's conviction is affirmed. The multiple offender sentence is vacated. The original sentence is reinstated and *1094 amended to delete jail time in default of costs.
CONVICTION AFFIRMED; ENHANCED SENTENCE VACATED; ORIGINAL SENTENCE AS AMENDED REINSTATED.
NOTES
[1] Although the order filed with the defendant's written motion for appeal is dated December 6, 1985 (the 6 is written over another number), there is no notation on the docketmaster for that date.
[2] We note 1986 La.Acts, No. 851, which adds to La.C.Cr.P. art. 916 an eighth matter over which a trial court has jurisdiction even after entering an order of appeal: "Sentence the defendant pursuant to a conviction under the Habitual Offender Law as set forth in R.S. 15:529.1." La.C.Cr.P. art. 916(8) became effective August 30, 1986.