GULOTTA, Chief Judge.
Defendant appeals his conviction and sentence as a convicted felon in possession of a firearm, a violation of LSA-R.S. 14:95.-1. He raises two assignments of error: (1) that he was denied his right to cross examine witnesses and to present a defense when the trial judge curtailed his attorney’s questioning of the State’s witnesses, and (2) that he was illegally sentenced to serve additional time should he fail to pay the fine imposed. We affirm the conviction, but vacate part of the sentence.
*357 On October 5,1985, Pfell Williams, a/k/a Olfell Williams, a convicted felon, was arrested in a lounge in New Orleans for illegal possession of a pistol. According to Wanda Brown, a patron in the establishment, Williams had flashed the weapon in the waistband of his pants and threatened to shoot everyone in the bar after an earlier fight with another patron. Brown informed the bar owner, Jesse Johnson, who then asked Williams to leave. Instead of leaving the lounge, Williams went to the restroom and returned to the bar shortly thereafter.
Police arrived on the scene and did a pat-down search of Williams but found no weapon. Upon being told that Williams had gone into the bathroom, however, the investigating officer made a search and found a .38 revolver on a window sill. Brown identified the pistol as the one previously in Williams’s possession.
At the jury trial on the merits, defensé counsel attempted to ask Brown and Johnson on cross examination whether guns had frequently been flashed in the bar on prior occasions by other persons. The trial judge sustained the State’s objections.[1] According to defendant, the trial judge thereby thwarted the defendant’s constitutional rights to cross examine the witness and establish his defense that someone else in the bar, which was occupied by 25 people, had left the weapon in the bathroom.
As claimed in defendant’s assignment of error, the issue presented is whether the line of cross-examination was relevant.
Relevant evidence is that tending to show or to negate commission of the offense and the intent. LSA-R.S. 15:441. To be admissible, however, the evidence must be relevant to the material issue of the case. LSA-R.S. 15:435; State v. Ludwig, 423 So.2d 1073 (La.1982). A “material issue” is one that is of solid or weighty character, of consequence or importance to the case. State v. Ludwig, supra; State v. Patch, 470 So.2d 585 (La.App. 1st Cir.1985), writ denied 475 So.2d 358 (La.1985). Evidence is admissible as long as it makes a consequential fact “more or less probable”. State v. Davenport, 445 So.2d 1190 (La.1984).
The standard of relevancy is based upon logic and experience. LSA-R.S. 15:442; State v. Davenport, supra; State v. Ludwig, supra. Absent a clear abuse of discretion, the trial court’s ruling as to relevancy of evidence should not be disturbed on appeal. State v. Whittaker, 463 So.2d 1270 (La.1985); State v. Alphonso, 496 So.2d 1113 (La.App. 4th Cir.1986).
In the instant case, the material issue is whether the weapon found in the lounge was in the possession of the defendant or someone else. Brown, the bar patron, was an eyewitness who had observed defendant flashing a pistol at the bar. She testified that the defendant had gone to the restroom after she informed the bar owner of the pistol. The gun was found on a window ledge in the bathroom. Under these circumstances, evidence of prior police activity or possession of pistols by unknown persons on unspecified previous occasions at the bar bore no relationship to the possession of this particular weapon. Accordingly, we conclude that the testimony sought by defense counsel was irrelevant, and we find no abuse of the trial judge’s discretion in sustaining the State’s objections.
We do find merit, however, to defendant’s argument that the trial judge imposed an illegal sentence. After the jury-found defendant guilty as charged, the trial judge sentenced him to three years at hard labor and fined him $1,000.00 or an additional thirty days in Parish Prison in lieu thereof. Defendant was an indigent represented at trial by the Orleans Indigent Defender Program. We have previously held that an indigent cannot be subjected to a longer period of imprisonment *358 simply because he cannot pay a fine or court costs. State v. Ellzey, 496 So.2d 1090 (La.App. 4th Cir.1986); State v. Barnes, 495 So.2d 310 (La.App. 4th Cir.1986).
Accordingly, we delete that portion of defendant’s sentence imposing the $1,000.00 fine or an additional thirty days in custody in default of payment. In all other respects, however, the conviction and sentence are affirmed.
CONVICTION AFFIRMED;
SENTENCE VACATED IN PART AND AFFIRMED IN PART.

. The trial judge sustained the State’s objections to the following questions posed to Brown: “The police have been called to that bar before at any time?”; “You have been seeing people prior to that morning have guns in that bar, haven’t you?”; “There have been guns?” The court also sustained the State’s objection to a question asked of the bar owner: "Have you in the past had the police called to the bar?”