BARRY, Judge.
STATEMENT OF THE CASE
On August 14, 1986 the defendant and his co-defendant, William Cockerham, were charged with manslaughter, a violation of La.R.S. 14:31. On August 19, 1986 both pled not guilty. The cases were severed and a jury found the defendant guilty as charged. A new trial was denied and the defendant was sentenced to 18 years at hard labor. Cockerham was acquitted.
FACTS
After midnight on March 22, 1986 Michael Williams arrived at his brother Lenny’s apartment and saw a group of men standing in the alley. He saw the defendant holding a gun and heard Cockerham tell the defendant to give him the gun. The defendant complied and Cockerham tucked the gun into his waistband and then urinated on the house. Michael told the men that the house’s occupants would not like what Cockerham was doing. Cocker-ham replied that Michael must not know who he was and that he would turn over Michael’s car. Michael remained in his car till the men left.
Michael went into the house briefly. When he attempted to leave he saw the defendant and Cockerham walking down *877 the street toward the house. Michael ran back into his brother’s house.
Minutes later Michael and his brother heard a car speed down the street then stop in front of the house. Gun shots were fired which hit the house, then the brothers saw a yellow Oldsmobile speed away. One of the shots killed seventeen month old Lenny Williams, Jr.
Terrence Perkins and Kenneth Gable testified that on the night of the shooting the defendant gave them a ride to the Silver Slipper Lounge in his yellow Oldsmobile. The defendant and Cockerham were ejected from the lounge and Perkins and Gable followed them outside.
Perkins and Gable said the defendant and Cockerham drove off in the yellow Oldsmobile and stopped in front of Williams’ home. The defendant got out, fired a gun several times over the top of the car, got back into the car and sped away with Cockerham driving.
The defendant’s only assignment of error contends the trial court erred by denying his motion in limine which sought to introduce evidence that Cockerham had a prior manslaughter conviction. The defendant submits that the evidence was necessary to support his allegation that Cockerham fired the shots. This issue was raised by emergency writs to this Court (K-6549) and the Louisiana Supreme Court (86-KK-2089) which were denied. 495 So.2d 948.
Relevant evidence is defined by La.R.S. 15:441:
[T]hat tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent.
Facts necessary to be known to explain a relevant fact, or which support an inference raised by such fact, are admissible.
The standard for relevancy is based on logic and experience. Evidence is relevant when it makes any fact indicating guilt or innocence more or less probable. State v. Caldwell, 504 So.2d 853 (La.1987). Absent clear abuse of discretion, the trial court’s ruling as to relevancy of evidence should not be disturbed on appeal. State v. Williams, 513 So.2d 356 (La.App. 4th Cir.1987).
Cockerham did not testify. Evidence of his alleged “other crimes” is not relevant as to the defendant’s guilt or innocence of this offense.
The testimony of the two eye witnesses leaves no doubt that the defendant killed the infant.
The defendant’s conviction and sentence are affirmed.
AFFIRMED.