ARMSTRONG, Judge.
Defendant, Anthony Lee, Jr., was charged by bill of information with possession of cocaine, a violation of La.R.S. 40:967. Following a trial by jury defendant was convicted of attempted possession of cocaine. Defendant was also adjudicated a habitual offender (second offense) under La.R.S. 15:529.1. He was subsequently sentenced to serve three years at hard labor and ordered to pay thirty dollars in court costs or serve an extra thirty days in Parish Prison in default of payment thereof. Defendant now appeals raising one assignment of error.
Defendant asserts that the trial court erred in requiring that he, an indigent, serve an extra thirty days in prison default of payment of the thirty dollars in court costs.
For purposes of sentencing, indigent status is established if it is necessary to appoint an indigent defender to represent the defendant. See State v. Williams, 288 So.2d 319 (La.1974): State v. Huffman, 480 So.2d 396 (La.App. 4th Cir.1985). The record indicates that the defendant was represented by an indigent defender at the trial court level, and his brief on appeal was submitted by indigent counsel.
Accordingly, the trial court erred in sentencing defendant to serve an additional thirty days in prison in default of payment of court costs. Therefore, we will delete that portion of defendant’s sentence. See State v. Jackson, 492 So.2d 1265 (La.App. 4th Cir.1986).
For the reasons assigned we affirm the conviction of defendant. We amend his sentence to delete that portion ordering that he serve thirty days in Parish Prison in default of payment of court costs in the amount of thirty dollars. In all other respects we affirm the sentence imposed on defendant.
CONVICTION AFFIRMED, SENTENCE AMENDED, AND AFFIRMED AS AMENDED.