GARRISON, Judge.
On June 27, 1988, Alfred Curley, III, plaintiff in the case at hand, was at his former wife’s apartment in New Orleans, Louisiana. His ex-wife had left to go shopping while their three children stayed behind with the defendant. Upon returning from shopping, defendant’s ex-wife testified that she saw her 6 year old daughter run from the bedroom to the bathroom with her underwear and shorts down around one leg. When asked what had happened, the child stated that her father had put oil on her and he “got my bootie.” The mother took her child to a neighbor’s home and called the police to report a rape.
At trial, the child demonstrated defendant’s actions with anatomically-correct dolls. A medical examination of the child revealed small symetrical cuts on her vagina, redness, and slight bleeding. Her hymen was intact. No seminal fluid was found. The examining doctor testified that he found no lubricant. He further stated that, in his opinion, there was a 50%-70% chance that the injury to the child’s vagina was caused by a penis, as opposed to a finger.
After signing a waiver of rights form, the defendant told a detective: “If she said that I did, I guess it is true. I did it. I did it.” However, he denied any incest. At trial, the defendant testified that he pulled down the child’s shorts and underwear so that she could go to the bathroom. He stated that he had put oil on his hands as they were peeling and this was how it had gotten on the child. He also stated that when he said “I did it,” he was answering the detective’s questions about the oil, not sex.
The defendant was tried and found guilty by a jury of attempted aggravated rape. He was sentenced to eighteen years at hard labor and $100.00 in court costs or an additional thirty days imprisonment in default of payment thereof. Defendant’s sole assignment of error alleges that the trial court erred in imposing thirty days imprisonment in lieu of court costs as he is an indigent.
An indigent criminal defendant may not be incarcerated for his failure to pay costs levied against him. State v. Jackson, 492 So.2d 1265 (La.App. 4th Cir. 1986). At trial and on appeal, the defendant was represented by the Orleans Indigent Defender Program (O.I.D.P.). Where it is necessary to appoint counsel through the O.I.D.P., the defendant is to be considered indigent for the purpose of sentencing. State v. Huffman, 480 So.2d 396 (La.App. 4th Cir.1985).
A review of the record reveals no other errors patent. Therefore, we affirm the defendant’s conviction, deleting the portion of his sentence imposing an additional thirty days in default of payment of court costs.
AFFIRMED AND AMENDED.