455 So.2d 1284 (1984)
STATE of Louisiana
v.
Lorenzo ARRINGTON.
No. KA-1871.
Court of Appeal of Louisiana, Fourth Circuit.
August 31, 1984.
*1285 Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Joanne C. Marier, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Before GARRISON and WARD, JJ., and L. JULIAN SAMUEL, J. Pro Tem.
L. JULIAN SAMUEL, Judge Pro Tem.
Defendant was convicted of manslaughter by a jury on May 18, 1983. On June 3, 1983, pursuant to LSA-R.S. 15:529.1[1] (The Habitual Offender Law), the State filed a multiple bill accusing defendant of having been previously convicted of two felonies under the laws of this state.[2] Both prior felony convictions were based upon pleas of guilty entered on February 7, 1980. After a hearing on the multiple bill, the trial judge found defendant guilty as charged. Arrington waived all delays and was sentenced to serve thirty-five years at hard labor. He specifically waived his right to appeal the manslaughter conviction but moved to appeal his adjudication as a multiple offender. He requests a review of the record for errors patent.
Defendant argues that the colloquy introduced by the state from the prior guilty plea shows there was no mention in the discussion between the judge and defendant of defendant's privilege against self-incrimination.
The colloquy which occurs when the court canvasses the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequences is a part of the plea of the accused. It is in the nature of a pleading or proceeding, rather than testimony or evidence. Therefore, a review of it for error on appeal constitutes a mere inspection of the pleadings and proceedings without inspection of the evidence.

State v. Godejohn, 425 So.2d 750, 751 (La.1983)
For a constitutionally valid guilty plea, the accused must expressly and knowingly waive his right to trial by jury, his right to confront his accusers and his privilege against compulsory self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971).
Where the guilty plea was entered after December 8, 1971 (the date of the finality of State ex rel. Jackson v. Henderson) and is being used to enhance punishment in a subsequent proceeding,
"... the state must, if objection is made to its voluntariness or to its being a knowing plea (due, e.g., to the absence of waiver of the Boykin rights), affirmatively show through (only) a contemporaneously recorded transcript that the plea was voluntary and made with an awareness *1286 of its consequences. State v. Lewis, 367 So.2d 1155 (La.1979); State ex rel. LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557 (1972); State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971)." State v. Bolton, 379 So.2d 722, 723 (La.1979)
"While it is preferable for the trial judge to conduct a colloquy with the defendant to ascertain the validity of the plea, such a colloquy may not be indispensable, as long as the record contains some other affirmative showing to support the plea." State v. Halsell, 403 So.2d 688 (La.1981)
At the habitual offender hearing, the state introduced into evidence a copy of the arrest register, indicating an arrest on December 26, 1979. On the rear of the arrest register was a set of prints taken at the time of the arrest. In addition, the state filed a copy of the bill of information, the minute entry dated February 7, 1980 (the date of the guilty pleas), the "Waiver of Constitutional RightsPlea of Guilty" form and the transcript of the Plea of Guilty colloquy. Defense counsel timely objected to the documents as a basis for a multiple bill.
The transcript of the colloquy reads as follows (emphasis ours):
MR. McCURDY (DEFENSE ATTORNEY): Your honor, the defendant wishes to enter a plea of guilty to both counts of the Bill of Information, R.S. 14:95 and 40:969. I have advised the defendant of his Constitutional rights and he has executed a plea of guilty form, which I am satisfied that he understands.

(Defendant is fingerprinted by Deputy)
THE COURT: Raise your right hand. Do you swear that you have been advised of your Constitutional rights, that you have the right to a six-member jury trial and if convicted a right to appeal and that by entering a plea of guilty to two counts of the Bill of Information, Carrying a concealed weapon and Possession of Talwin, you are waiving your right to trial by a six-member jury and the right of appeal, this is what you wish to do?
DEFENDANT: Yes.
THE COURT: You are stating under oath you are pleading guilty in this case because you are guilty of these two crimes?
DEFENDANT: Yes.
THE COURT: I have here a plea of guilty form and waiver of Constitutional rights and ask you whether Mr. McCurdy has explained this form to you?

DEFENDANT: Yes.

THE COURT: Are there any questions about it?
DEFENDANT: No.
THE COURT: Has anybody forced you or threatened you in any way to get you to sign this form or plead guilty in this case?
DEFENDANT: No.
THE COURT: The Court orders the form into the record bearing the signature of the defendant, the attorney of record, my signature and today's date, February 7, 1980.
Let the record reflect that the Court in reviewing the case finds a factual basis for the acceptance of the pleas of guilty. By pleading guilty you are waiving your right to a six-member jury, calling witnesses in your behalf and cross-examining witnesses against you? Do you understand that?
DEFENDANT: Yes.
THE COURT: The crimes you have just pled guilty to are felonies and if you are ever convicted of a felony in future it may be used to charge you as a Multiple offender. Do you understand that?
DEFENDANT: Yes.
In the plea of guilty form defendant admitted his guilt, acknowledged the potential sentences, indicated he understood and waived his rights to trial,[3] to confront his accusers, and his privilege against self-incrimination. *1287 Regarding the waiver of this last right, the form provides:
I understand that by pleading guilty that I am waiving my rights to confront and cross-examine the witnesses who accuse me of the crime charged, to compulsory process of the court to require witnesses to appear and testify for me, the privilege against self-incrimination or having to take the stand myself and testify, and to have preliminary pleadings filed and heard on my behalf.
* * * * * *
I further understand that I am waiving my privilege against self-incrimination and by pleading guilty I am in fact incriminating myself.
The form also contains a statement to the effect that the plea was uncoerced. It was initialed by defendant nine times next to the recitations and signed at the bottom by defendant twice, by his counsel, and by the trial judge.
In State v. Halsell, supra, the colloquy was deficient in that it did not inform defendant that he waived his privilege against self-incrimination. However, also in the record was a written form containing a waiver of rights, in which the attorney attested that defendant was informed of the specific rights he was waiving by pleading guilty. Relying on this attestation by the defense attorney, the Court held the state had affirmatively shown that defendant had knowingly and voluntarily waived his rights.
In State v. Tucker, 405 So.2d 506 (La. 1981), there was no colloquy in the record. The waiver form was "well executed" in that it was detailed, initialed by defendant seven times and signed at the bottom by defendant, defense counsel and the trial judge. The Court considered this waiver form and the minute entry concerning the abbreviated colloquy[4] to be a sufficient affirmative showing that defendant had knowingly and intelligently waived his rights. See also State v. Dunn, 390 So.2d 525 (La.1980).
Here, in the colloquy, the defense attorney stated he had advised defendant of his rights and was satisfied that defendant understood the guilty plea form. In addition, the defendant responded in the affirmative when asked by the trial judge whether the form had been explained to him by his counsel. The colloquy itself was deficient in only one respect: it failed to mention the privilege against self-incrimination. The guilty plea form, which was extremely detailed, adequately advised defendant of the privilege against self-incrimination[5], was initialed line by line by defendant and was signed by defendant twice and by the trial judge and the defense attorney. In our view, these facts constitute a sufficient affirmative showing in the record that the defendant knowingly, intelligently and voluntarily waived his constitutional privilege against self-incrimination. Therefore, the predicate pleas were valid and could be used as a basis for the multiple offender charge.
We have also reviewed the record for sufficiency of evidence as required by State v. Raymo, 419 So.2d 858 (La.1982). The guilty pleas were constitutionally valid. At the habitual offender hearing, Officer Leland Comeaux, expert in the field of fingerprint identification, testified that the fingerprints on the reverse side of the arrest register of the predicate offense were identical to the prints that he had taken of the defendant that morning. This second set of prints was also admitted into evidence.
*1288 Viewed in the light most favorable to the prosecution, the evidence was sufficient for a rational trier of fact to conclude that the Lorenzo Arrington, convicted of manslaughter, was one and the same as the Lorenzo Arrington who had previously pled guilty to the two felonies on February 7, 1980.
Accordingly, the conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] R.S. 15:529.1 provides in part:

A. Any person who, after being convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government or country of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
(1) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-third the longest term and not more than twice the longest term prescribed for a first conviction;
* * * * * *
[2] LSA-R.S. 14:95 (3rd offense), relative to illegal carrying of a weapon and LSA-R.S. 40:969, relative to possession of pentazocine (Talwin).
[3] Although the form itself does not waive trial by jury, this is adequately covered in the colloquy.
[4] Regarding the minute entry, the Tucker Court stated: "The minutes of the guilty plea indicate that the trial judge `questioned the accused under oath regarding his plea of guilty'".
[5] Defendant has not addressed the sufficiency of the guilty plea form in this regard. We note the waiver form does not include specific language that defendant was waiving his right to remain silent at trial as discussed in State v. Martin, 382 So.2d 933 (La.1980). The form, however, states defendant waived "the privilege against self-incrimination or having to take the stand myself and testify." We believe this adequately conveyed to the defendant his right to stand trial without being forced to testify against himself.