GRISBAUM, Judge.
This appeal arises out of a conviction for attempted second degree murder (Louisiana Revised Statutes 14:27[1] and 30.1[2]). *1328 We affirm the conviction, set aside the sentence, and remand the matter for resen-tencing.
The principal question is whether the evidence (hearsay — per se) was sufficient to support the conviction.
PROCEDURAL HISTORY
On May 15, 1984, the Jefferson Parish District Attorney’s Office charged, by amended bill of information, the defendant, Jose Hernandez, with attempted second degree murder of Otto Rickli, in violation of Louisiana Revised Statutes 14:27 and 14:30.1. The defendant pled not guilty on August 22, 1984. Thereafter, he filed several discovery motions which were marked “satisfied” (after a hearing) on October 3, 1984. The trial by a 12-person jury commenced on December 18, 1984. On December 19, 1984, in a ten to two verdict, the defendant was found guilty as charged. On January 23, 1985, the defense’s motion for a new trial was denied. On March 27, 1985, after a denial of the defense’s motions for an arrest of judgment and post-verdict judgment of acquittal, the defendant was sentenced to 20 years at hard labor without benefit of parole, probation, or suspension of sentence.
FACTS
On May 15, 1984, the defendant, along with his wife, Maria, and others (Victor Colon, Victor Sanchez, Juan Reyes, and Otto Rickli) had been helping Emerio and Cynthia Perez move into their new apartment in Harvey, Louisiana. Thereafter, everyone had joined the Perezes at their new apartment for drinks. The record shows the defendant left the Perezes’ apartment but subsequently returned asking for a ride home because his wife had left earlier to visit her sister-in-law, taking their car. Victor Colon offered the defendant a ride, and along the way, they passed the defendant’s wife, who was returning to the Perezes to pick up her husband. Therefore, Colon turned his car around and brought the defendant to the Perezes’ apartment. Thereafter, the defendant and his wife left the apartment.
At this point, what transpired must be determined from conflicting testimony. Cynthia Perez testified that 20 to 30 minutes after the defendant and his wife left the apartment, she saw, looking from her upstairs window, the Hernandezes return. She further stated that she motioned to them to come inside and shouted to her husband, who was downstairs, to let them in. She testified that just after she called to her husband to open the gate and allow them in, she heard three or four shots coming from her downstairs living room. She immediately went downstairs, which took about a minute, and found Otto Rickli lying on the sofa bleeding. She found her husband and the others standing outside, but the defendant and his wife had left. The record reflects that none of the eyewitnesses to the shooting appeared at the trial; however, Investigating Officer John Latimore and Detective Curtis Snow corroborated Cynthia Perez’ testimony that the witnesses had said that the defendant had done the shooting.
On the other hand, the defendant, whose testimony was corroborated by his wife, denied shooting the victim and explained that after returning to the Perezes’ apartment on the second occasion (about 10:30 p.m.), Emerio Perez had come out and invited them in for drinks, but he and his wife refused. The defendant also testified that he and his wife then went to pick up their child at his sister-in-law’s home and knew nothing about the shooting. He also denied returning to the residence 20 to 30 minutes after leaving with his wife, which directly contradicted the testimony of Cynthia Perez.
*1329 In addressing the initial issue, we note that in State v. Bruce, 472 So.2d 79, 80 (La.App. 5th Cir.1985), we stated our standard of review regarding sufficiency of the evidence, in citing State v. Camp, 446 So.2d 1207, 1208-09 (La.1984), which states:
La.Const. Art. V, §§ 5 and 10 (1974) limit the jurisdiction of the Supreme Court of Louisiana and of the courts of appeal in criminal eases to questions of law. Whether the evidence is sufficient to support a conviction is a question of law, although the determination of this question necessarily involves a review of the record evidence. The standard for performing this review, mandated in Jackson v. Virginia, [443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) ] is that the reviewing court must determine that the record evidence, viewed in the light most favorable to the prosecution, is sufficient to convince a rational juror that the defendant is guilty beyond a reasonable doubt of the crime of which he has been convicted.
The due process clause of the Fourteenth Amendment protects a defendant in a criminal case against conviction except upon proof beyond a reasonable doubt of every element of the crime with which he is charged. In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). The Jackson decision imposed the “rational juror” standard for reviewing the jury’s determination that the evidence constituted proof beyond a reasonable doubt.
The standard for appellate review mandated by the United States Supreme Court also applies in cases which involve circumstantial evidence. The United States Supreme Court has rejected a contention that the trial judge is constitutionally required to instruct the jury that circumstantial evidence must exclude every reasonable hypothesis other than that of guilt. Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954); ... The Court stated that “the better rule is that where the jury is properly instructed on the standards for reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect.” 348 U.S. at 139, 75 S.Ct. at 137.
La.R.S. 15:438 provides the following rule for circumstantial evidence in Louisiana:
“The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.”
Therefore, when the defendant requests an instruction in a Louisiana case involving circumstantial evidence, the trial judge is statutorily required to instruct the jury in accordance with Section 438. However, the standard of appellate review of a conviction is the same in all cases, whether or not circumstantial evidence is involved: The evidence, viewed in the light most favorable to the prosecution, must be sufficient for a rational juror to conclude beyond a reasonable doubt that [the] defendant is guilty of the crime. Nevertheless, the rule stated in Section 438 is useful in determining the existence of a reasonable doubt, because when the overall evidence, direct and circumstantial, does not exclude a reasonable hypothesis of innocence, there exists a reasonable doubt as to guilt. (Citations and footnotes omitted.)
From the record testimony of Dr. Gustav Gutnisky, who testified that the victim did have at least four gunshot wounds, one in the left forearm, one in the left shoulder, one in the left cheek, and one in the temple behind the right orbit (the cavity where the eye is contained), we find the evidence of these injuries sustained by the victim as a result of the shooting do support the conclusion that the victim’s assailant had the requisite intent of attempted second degree murder. See State v. Patterson, 473 So.2d 363, (La.App. 5th Cir. 1985); State v. Lee, 467 So.2d 1341 (La. App. 5th Cir.1985).
The critical issue is whether the circumstantial evidence linking this defendant with this crime is sufficient to support his conviction. The record shows Cynthia Per *1330 ez was hanging curtains in an upstairs window when she claims to have seen Jose and Maria Hernandez drive up. She knocked on the window, motioned for them to come in, and called to her husband, who was downstairs, to let the Hernandezes in. Approximately ten seconds later, she heard four gunshots. She testified that it took her about a minute to go downstairs whereupon she found the wounded victim on the couch and her husband, Reyes, Colon, and Sanchez standing outside. She said they were upset and told her “Julio (the defendant) shot Otto.” Officer Latimore, who arrived at the scene, found all witnesses to be “Spanish speaking, so through one of the witnesses that were there, I more or less gathered what happened.” The record further reflects he was told that “Julio shot Otto.” Detective Snow, who arrived shortly thereafter, testified that Latimore told him that the witnesses stated, “Julio shot Otto.” Snow, through an interpreter, then interviewed the witnesses individually at the detective bureau. Each corroborated the version of the crime given earlier.
On the other hand, the defendant explained his presence at the crime scene and added that he and his wife had left prior to the shooting. He stated they were on their way home after helping the Perezes move and after Emerio had become angry with him and asked him to leave. Both he and his wife denied returning to the Perezes’ apartment later. We must be forever mindful of our jurisprudential mandate that
on appeal the function of the reviewing court is not to reassess the credibility determination of the fact finder, but only to determine if the evidence was sufficient to support the conviction.
State v. Richardson, 425 So.2d 1228 (La.1983); State v. Smith, 463 So.2d 16 (La. App. 5th Cir.1985).
It is apparent the jury believed Cynthia Perez’ testimony that the Hernandezes returned to the apartment, as compared to the Hernandezes’ version of events. We also find it reasonable to conclude they found the police officers’ testimony to be credible, which included the “conclusion” that Reyes, Colon, Sanchez, and Emerio Perez saw Julio shoot Otto. We note, as was stated in State v. Chism, 436 So.2d 464 (La.1983), “in addition to the assertion of witnesses as to what they have observed, circumstantial evidence involves a process of reasoning, or inference by which a conclusion is drawn.” See also State v. Robinson, 441 So.2d 364 (La.App. 5th Cir.1983). Chism further stated, “this process of reasoning, must be based on the evidence given, together with a sufficient background of human experience to justify the conclusion.” In light of the Chism rationale, we find this jury, in possessing the power of assessing credibility, reasonably determined not only that they believed Cynthia Perez instead of the defendant and his wife, but of equal importance, is the fact that they believed the testimony of the police officers regarding what was told to them by Reyes, Colon, Sanchez, and Emer-io Perez. We further find that the jury reasoned and/or inferred from the police officers’ testimony that Reyes, Colon, Sanchez, and Emerio Perez did witness the defendant shooting the victim. Finally, we •find their inference from the direct testimony of the police officers was a rational and proper one. Accordingly, we now must decide whether this evidence is sufficient to support a conviction of the defendant beyond a reasonable doubt.
As there is no physical evidence, and none of the actual eyewitnesses testified before the jury, the identity of the defendant rests solely on hearsay elicited from Cynthia Perez, Officer Latimore, and Detective Snow. The record clearly shows that defense counsel did not object to the testimony of any of these witnesses. Our jurisprudence is replete with the axiom that “the failure to make a contemporaneous objection at the time of the error waives the complaint on appeal.” Louisiana Code of Criminal Procedure article 841; State v. Vanderhoff, 415 So.2d 190 (La.1982); State v. Landry, 463 So.2d 761 (La.App. 5th Gir. 1985), writ denied 464 So.2d 1373 (La.1985). Ordinarily, if hearsay evidence is admitted without objection, it becomes substantive evidence and may be used by the trier of fact to the extent of any probative or per *1331 suasive power that it has. State v. Boutte, 384 So.2d 773 (La.1980).
Additionally, and more importantly, the statement (“Julio shot Otto”) made to Cynthia Perez approximately one minute after the fact qualifies as an “excited utterance” admissible despite the bar against hearsay. As such, considering the short time between the event and the statement, we find this statement to be spontaneous and not the result of reflective thought. Therefore, the jury could quite reasonably consider this hearsay for the truth of the matter asserted therein. See State v. Henderson, 362 So.2d 1358 (La.1978); State v. Gatlin, 396 So.2d 1294 (La.1981).
We find the testimony of the police officers is also admissible, regardless of its hearsay nature. Statements made to a police officer are not hearsay because they were not offered to prove the truth of the facts asserted but to prove that the utterance occurred. See State v. Toomer, 395 So.2d 1320 (La.1981).
Accordingly, we find the testimony of Cynthia Perez and the two officers to be properly before the jury, regardless of the defense counsel’s failure to object. That the statements made to the officers some time after the event corroborate those made to Cynthia Perez immediately after the shooting further enhances the probative value of these identifications of the defendant. Accordingly, after evaluating the totality of the evidence presented, we find there was sufficient evidence from which a rational jury could have concluded this defendant was guilty of attempted second degree murder.
The record further reflects the defendant’s complaint that the trial court erred in sustaining the state’s objection to the testimony of the defendant which would have established that, shortly before the shooting, Emerio Perez was in his bathroom doing cocaine. The defense argues this testimony would have provided the reason for the defendant being thrown out of the apartment by the Perezes and why it would be reasonable the defendant would not want to return to the apartment.
In analyzing this question, we recognize that “evidence, in criminal cases, is relevant if it tends to show the commission of an offense and the intent, or if it tends to negate the commission of the offense and the intent.” Louisiana Revised Statute 15:441. It may also be used to explain a relevant fact or support an inference raised by such fact. Louisiana Revised Statute 15:441. The trial judge has wide discretion in determining the relevancy of evidence and his determination will not be overturned absent a clear abuse of discretion. State v. Bates, 397 So.2d 1331 (La.1981). The record shows the defendant had the opportunity to question Cynthia Perez directly about whether or not drugs were used in her home on the evening of the shooting, but did not. While it would seem that the evidence involving Emerio Perez in illegal drug use shortly before the attempted murder of the victim is not irrelevant, still this evidence does not necessarily show that the shooting was done by one of the non-appearing witnesses and was drug-motivated. See State v. Chaisson, 425 So.2d 745 (La.1983). Additionally, as the record shows, the trial judge precluded the admission of this evidence because it was impeachment evidence of a witness who was not subject to examination. Accordingly, we cannot say the trial judge clearly abused his discretion; therefore, we find no merit in this assignment.
Although not assigned as error at either the trial court level or in brief, under our authority regarding error patent review, we find the sentence is illegal in that the court required the sentence to be served without benefit of parole, probation, or suspension of sentence. See Louisiana Revised Statute 14:27(D)(1); State v. See, 467 So.2d 525 (La.1985). Because the trial court sentenced the defendant to 20 years under the mistaken impression that the sentence had to be served without benefit of parole, probation, or suspension of sentence, it is appropriate to set aside the sentence and remand the case to the trial court for resentencing.
*1332 Accordingly, the conviction of the defendant for attempted second degree is affirmed. The sentence is set aside, and this matter is remanded to the trial court for resentencing.
AFFIRMED IN PART, SET ASIDE IN PART, AND REMANDED.
BOWES, J., dissenting with written reasons.

. Louisiana Revised Statute 14:27 provides:
A. Any person who, having specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
******
C. An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt.
D. Whoever attempts to commit any crime shall be punished as follows:
(1) If the offense so attempted is punishable by death or life imprisonment, he shall be imprisoned at hard labor for not more than fifty years;
******

. Louisiana Revised Statute 14:30.1 provides:
Second degree murder is the killing of a human being:
(1) When the offender has a specific intent to kill or to inflict great bodily harm; or
*1328 (2) When the offender is engaged in the perpetration or attempted perpetration of aggravated rape, aggravated arson, aggravated burglary, aggravated kidnapping, aggravated escape, armed robbery, or simple robbery, even though he has no intent to kill or to inflict great bodily harm.
Whoever commits the crime of second degree murder shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.