490 So.2d 554 (1986)
STATE of Louisiana
v.
Wilfred V. PAYTON, Jr.
No. KA 4677.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1986.
*555 William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., A. Hammond Scott, Asst. Dist. Atty., New Orleans, for the State.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant.
Before CIACCIO and WILLIAMS, JJ., and HUFFT, J. Pro Tem.
PRESTON H. HUFFT, Judge Pro Tem.
Defendant-appellant, Wilfred V. Payton, Jr. was charged by bill of information on March 11, 1985, with possession with intent to distribute cocaine in violation of La.R.S. 40:967. On June 27, 1985, appellant entered a plea of guilty to simple possession of cocaine. Subsequently, the state charged appellant as a third offender under the provisions of La.R.S. 15:529.1, based on 1979 and 1982 convictions. Appellant pled not guilty to the multiple bill, and a hearing was held on August 27, 1985. After taking the matter under advisement, on September 17, 1985, the trial court ruled that appellant was a third offender and sentenced him to serve thirty months at hard labor.
At that time, appellant noted his intent to appeal, having argued that the State's use of a 1982 conviction where the judge conducted a colloquy only partially covering the rights waived made that conviction ineligible for use in a multiple bill. On appeal, appellant assigns as sole error the trial court's finding that appellant was a third offender.
Specifically, appellant contends that his 1982 guilty plea should not have been used to enhance his sentence because the colloquy of this plea indicated that the judge did not fully advise him of his Boykin rights. Rather, the judge asked appellant whether he had discussed his Boykin rights with his attorney and whether he understood the consequences of his plea of guilty.
In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the Supreme Court emphasized three federal constitutional rights which are waived by a guilty plea: the privilege against self-incrimination, the right to trial by jury, and the right to confront one's accusers. The Court announced its unwillingness to presume a waiver of these important rights from a silent record. Boykin was adopted by the Louisiana Supreme Court in State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971), and held to apply to all pleas of guilty taken subsequent to December 8, 1971. The purpose of the Boykin rule is to insure that the defendant has adequate information to plead guilty intelligently and voluntarily.
According to the colloquy of appellant's 1982 guilty plea, the trial court only advised him that by pleading guilty he waived his right to trial by jury. Appellant was not advised by the court of either his right against self-incrimination or of his right to compulsory process. However, the court asked appellant if his attorney had explained the rights listed on his waiver of rights form which he had initialed and signed, and appellant indicated that his attorney had done so and that he had no questions concerning these rights. At the multiple bill hearing, the State introduced this colloquy and the waiver form which advised appellant of his three Boykin rights as well as other rights he was waiving. *556 The trial court held that the colloquy and the waiver form, along with the "explanation" of his rights by appellant's attorney, adequately advised appellant of his Boykin rights.
In the similar case of State v. Arrington, 455 So.2d 1284 (La.App. 4th Cir.1984), the colloquy indicated that the trial court failed to advise the defendant of his right against self-incrimination. However, the colloquy also indicated that the defense attorney informed the court that he had fully advised the defendant of his rights and was satisfied that the defendant understood these rights. The rights waiver form, which was initialed and signed by the defendant, advised him of his right against self-incrimination. This court, citing State v. Halsell, 403 So.2d 688 (La.1981), and State v. Tucker, 405 So.2d 506 (La.1981), held that the record sufficiently showed that the defendant "knowingly, intelligently, and voluntarily waived his constitutional privilege against self-incrimination". Id. at 1287.
Similarly, in the instant case, we find that defendant-appellant Payton knowingly and voluntarily waived his rights in pleading guilty in his 1982 conviction. Therefore, the plea was valid and could be used as a basis for charging appellant as a third offender.
This assignment of error is without merit. Accordingly, the conviction and sentence are affirmed.
AFFIRMED.