GARRISON, Judge.
The defendant, Michael Wilson, was charged by grand jury indictment with aggravated rape, a violation of LSA-R.S. 14:42, aggravated kidnapping, a violation of LSA-R.S. 14:44, and aggravated crime against nature, a violation of LSA-R.S. 14:89.1. Following a jury trial, the defendant was found guilty of the lesser offenses of forcible rape, simple kidnapping and attempted crime against nature. The defendant was originally sentenced to forty years at hard labor without benefit of parole, probation or suspension of sentence on count one, five years at hard labor on count two, and five years at hard labor on count three. Subsequently, the State filed a multiple bill against the defendant. After the court found the defendant to be a multiple offender, his original sentence was vacated and he was resentenced to eighty years at hard labor on count one, ten years at hard labor on count two, and ten years at hard labor on count three. The trial judge also specified that these sentences are to be served consecutively. Defendant now appeals.
On October 19, 1984 at approximately 5:00 a.m., the victim in this case was leaving her apartment in the Calliope Housing Project in New Orleans. As she walked down Thalia Street, she was suddenly approached by the defendant who grabbed her and pointed a gun at her. The defendant forced the victim to walk to a house on Derbigny Street where he raped her twice at gunpoint and forced her to submit to oral sex. The defendant fled the scene but was seen by the victim several days thereafter in the same vicinity. The victim immediately notified the police who arrived at the scene and chased the defendant before ultimately arresting him.
By his only assignment of error, the defendant contends that the trial court erred in imposing an illegally excessive sentence. A review of the record reveals that although the defendant was convicted of attempted crime against nature, he received the maximum sentence for a multiple offender convicted of crime against nature. For this reason, the sentence on count three is illegally excessive. Additionally, the trial judge erred in using the conviction on the multiple bill to enhance the defendant’s sentence on all three counts. The Louisiana Supreme Court has ruled that convictions on more than one count entered on the same date should be treated as one conviction for enhancement purposes under LSA-R.S. 15:529.1. State v. Sherer, 411 So.2d 1050 (La.1982).
Therefore, we affirm the defendant’s convictions. However, for the reasons stated above, we vacate the defendant’s sentences and remand this case for resen-tencing.

CONVICTIONS AFFIRMED; SENTENCES VACATED; CASE REMANDED FOR RESENTENCING.