508 So.2d 910 (1987)
STATE of Louisiana
v.
Billy MONROE.
No. KA-3889.
Court of Appeal of Louisiana, Fourth Circuit.
June 3, 1987.
*911 William J. Guste, Jr., Atty. Gen., William B. Faust, III, Barbara Rutledge, Asst. Attys. Gen., Harry F. Connick, Dist. Atty., Rockne L. Moseley, Joseph H. McCusker, III, Judith Brewster, Asst. Dist. Attys., New Orleans, for plaintiff-appellee State of Louisiana.
William J. Whitney, New Orleans, for defendant-appellant Billy Monroe.
Before SCHOTT, KLEES and LOBRANO, JJ.
*912 KLEES, Judge.
On October 2,1980, a Grand Jury handed down an indictment charging Billy Monroe, the defendant herein, with aggravated rape, a violation of R.S. 14:42, attempted aggravated rape a violation of R.S. 14:27 and 14:42, and two counts of armed robbery violations of R.S. 14:64. On October 7, 1980, he was arraigned and pled not guilty.
On April 5, 1983 after two previous mistrials the trial commenced and the defendant was found guilty by a twelve member jury on all counts.
The State filed a multiple bill on April 21, 1983; alleging that the defendant had pled guilty to aggravated battery on January 9, 1980.
The multiple bill hearing was held on June 13, 1983 and the defendant was adjudged a double offender. He was sentenced under R.S. 15:529.1 as follows:
Count One:
(Aggravated Rape)
life imprisonment at hard labor, without benefit of parole, probation or suspension of sentence, with credit for time served;*
Count Two:
(Attempted Aggravated Rape)
(R.S. 14:27 and 14:42)
100 years at hard labor, without benefit of good time, and with credit for time served;*
Count Three:
(Armed Robbery)
(R.S. 14:64)
198 years at hard labor, without benefit of parole, probation, suspension of sentence, or good time, with credit for time served;*
Count Four:
(Armed Robbery)
(R.S. 14:64)
198 years at hard labor, without benefit of parole, probation, suspension of sentence, or good time, and with credit for time served.*
* All sentences to be served consecutively.
This appeal followed.

ERRORS PATENT REVIEW:
Revised Statute 14:27(D) reads:
D. Whoever attempts to commit any crime shall be punished as follows:
(1) If the offense so attempted is punishable by death or life imprisonment, he shall be imprisoned at hard labor for not more than fifty years;
(2) If the offense so attempted is theft or receiving stolen things, and is not punishable as a felony, he shall be fined not more than two hundred dollars, or imprisoned for not more than six months, or both. If the offense so attempted is theft or receiving stolen things, and is punishable as a felony, he shall be fined not more than two hundred dollars, or imprisoned not more than one year; or both;
(3) In all other cases he shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both.
This section is silent as to the benefit of probation, parole or suspension of sentence, which are denied under R.S. 14:42. However, jurisprudentially, R.S. 14:27 is interpreted as allowing probation, parole or suspension of sentence since it does not dictate ineligibility for such. State v. Hernandez, 478 So.2d 1326 (La.App. 5th Cir. 1985), reversed on other grounds 488 So.2d 972 (La.1986); State v. See, 467 So.2d 525 (La.1985); State v. Diggs, 423 So.2d 643 (La.1982).
In the instant case, the defendant was denied probation, parole and suspension of sentence on the attempted aggravated rape charge. (Count two). This sentence should be amended to delete this part of the sentence.
Further, the defendant was sentenced as a multiple offender for counts two, three and four. (For the aggravated *913 rape violation, count one, the defendant was sentenced to life imprisonment, the maximum sentence allowed under R.S. 14:42). However, the Louisiana Supreme Court had held that convictions on more than one count entered on the same date should be treated as one conviction for enhancement purposes under R.S. 15:529.1. State v. Sherer, 411 So.2d 1050 (La.1982); State v. Floyd Holmes, 497 So.2d 5 (La. App. 4th Cir.1986); State v. Michael Wilson, 495 So.2d 308 (La.App. 4th Cir.1986).
Accordingly, the sentences under the multiple bill for counts two, three, and four are hereby vacated and the case remanded for resentencing as to these counts only.

ASSIGNMENT OF ERROR NUMBER ONE:
The trial court erred by imposing an excessive sentence.
The defendant argues that the sentences imposed by the trial judge were excessive, vindictive and "escape good reason and procedure." This argument is totally without merit.
The defendant accosted two girls at gunpoint. He forced them to walk to a dark alley, disrobe, and took their money and jewelry. He raped one with a gun pointed at her head. The other girl attempted to stop him and the defendant threatened to kill her. He then attempted to rape the second girl during which time the first girl fled. As she was running out of the alley, the defendant fired four shots at her.
A review of the sentencing transcript shows that the trial judge considered the aggravating and mitigating circumstances as required by Louisiana Code of Criminal Procedure Article 894.1. The defendant had a previous conviction of aggravated rape which was overturned by the Louisiana Supreme Court on a technical point of law and as a result of a plea bargain pled guilty in that matter to aggravated battery. The trial judge also looked at the heinousness of this particular crime, the defendant's attitude and actions, (the defendant previously attacked a judge stepping off the bench and broke his leg). In assessing mitigating circumstances, the trial judge found that there were no grounds to justify the defendant's criminal conduct and that the victims in no way induced or facilitated the commission of this crime. The trial judge concluded that there was undue risk that in any period of suspended sentence or probation, the defendant would commit another crime. Accordingly, he imposed the maximum sentences, wanting to keep the defendant off the streets for the safety and welfare of the community. We find no merit to defendants claim for excessiveness other than those previously discussed in our errors patent review.

ASSIGNMENT OF ERROR NUMBER TWO
The trial court erred in failing to grant defendant's motion in proper person to have his attorney withdrawn.
In general, a claim alleging ineffective assistance of counsel should be treated in an application for post conviction relief. State v. Poche, 464 So.2d 969, (La.App. 4th Cir.1985). However, if the record discloses sufficient evidence to rule on the merits of the claim, then the interests of judicial economy justify consideration of these issues on appeal. State v. Seiss, 428 So.2d 444, (La.1983); State v. Radcliff, 416 So.2d 528, (La.1982). In the case at bar, the record provides a basis for ruling on this assignment of error.
The defendant claims that he was denied effective assistance of counsel by Mr. Calvin Johnson and the Loyola School of Law Legal Clinic.
The leading case in the area of ineffective assistance of counsel set forth a two pronged test to assess the effectiveness of counsel which reads:
First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that *914 counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).
Rule XX of the Louisiana Supreme Court states that a law student may appear in court on behalf of an indigent person "if the person on whose behalf he is appearing has indicated in writing his consent to that appearance." On appeal, the defendant argues for the first time that he did not consent in writing to having the Loyola School of Law Legal Clinic represent him.
The defendant had gone through several attorneys prior to having Mr. Johnson and the Loyola Legal Clinic appointed. The trial court had done all that was possible to assure the defendant his right to counsel. In his motion to remove Mr. Johnson and the Loyola Legal Clinic, the defendant made a bizarre argument regarding some form of political collusion and deception on the part of Mr. Johnson, the Orleans Indigent Defender Program and the District Attorney's office. At no time did he even attempt to show any incompetence on the part of his attorney or give any legal basis for his attorney's removal.
The record is devoid of any indication that the defendant gave written consent to representation by Mr. Johnson and the Loyola Legal Clinic. It does appear that he gave verbal consent to this representation. We find that this procedural technicality was not so serious as to warrant a reversal of the conviction, especially in light of the difficulties which the lower court had in assigning counsel to this defendant, and after the defendant's failure to show any harm in the representation.

ASSIGNMENT OF ERROR NUMBER THREE
The trial judge erred in sentencing the defendant under the provisions of Louisiana Revised Statute 15:529.1.[1]
The trial judge sentenced the defendant as a multiple offender after taking into account a previous guilty plea to aggravated battery. The defendant claims that this guilty plea was defective because the defendant was not informed by the trial judge of his right against self-incrimination. We disagree.
In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 274 (1969), the Supreme Court held that it must be clear from the record that the defendant knowingly and voluntarily entered a guilty plea. Boykin was adopted by the Louisiana Supreme Court in State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (La. 1971).
In the instant case, the guilty plea form enumerates that by entering a guilty plea, the defendant is waiving his privilege against self-incrimination, his right to a trial and his right to confront his accusers. When the guilty plea was entered, the following colloquy took place between the defendant and the trial judge:
BY THE COURT:
Put your hand down. I have in front of me in your case a Plea of Guilty Form and Waiver of Constitutional Rights and ask you under oath whether or not Mrs. Cole explained what this form is?
BY THE DEFENDANT:
Yes, sir.

*915 BY THE COURT:
Any questions about it?
BY THE DEFENDANT:
No sir.
BY THE COURT:
Did anybody force or threaten you in any way in order to get you to sign the form or plead guilty in this case?
BY THE DEFENDANT:
No, Sir.
BY THE COURT:
Alright, Mr. Monore, do you understand by entering a Plea of Guilty in the case you are waiving your rights on your original charge of aggravated rape to a 12-member jury, requiring a unanimous vote for any verdict; and on the crime of aggravated battery, you are waiving your rights to a six-member jury, requiring a unanimous vote for a verdict; or, on the aggravated battery, you could waive your rights to trial by jury and be tried by the Court?
Also by entering a Plea of Guilty, you are waiving your rights to testify in your own behalf, call witnesses on your own behalf, and cross-examine those witnesses against you. Do you understand all that?
BY THE DEFENDANT:
Yes, sir.
BY THE COURT:
Have the defendant sign the bottom line of the Plea Form.
BY THE DEFENDANT:
(Complies)
In State v. Arrington, 455 So.2d 1284, (La.App. 4th Cir.1984) the colloquy during the guilty plea was also silent as to the right against self-incrimination. This court held that the defendant "knowingly, intelligently and voluntarily waived his constitutional privilege against self-incrimination" because he signed the guilty plea form stating such. Id. at 1287.
In State v. Payton, 490 So.2d 554 (La. App. 4th Cir.1986) this court upheld the use of a prior guilty plea, not withstanding the fact that the trial judge had not advised the defendant of his right against self-incrimination. We concluded that the guilty plea form and the colloquy between the judge and the defendant indicating that the defense attorney fully explained the defendant's rights to him were enough to show that the defendant "knowingly and voluntarily waived his rights in pleading guilty." Id. at 566.
The facts of the case at bar are identical to Arrington and Payton and we conclude that the defendant knowingly and voluntarily waived his right against self-incrimination in entering the guilty plea. Thus, the defendant's prior guilty plea was properly used for enhancement purposes and this assignment of error lacks merit.
Accordingly, for the foregoing reasons the defendant's conviction is affirmed. This matter is remanded to the trial court for resentencing on Counts two, three and four.
CONVICTION AFFIRMED; SENTENCE SET ASIDE AND REMANDED FOR RESENTENCING ON COUNTS TWO, THREE AND FOUR.
NOTES
[1] R.S. 15:529.1 reads in part:

A. Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state of the United States, or any foreign government or country of a crime which, if committed in this state would be felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
(1) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-third the longest term and not more than twice the longest term prescribed for a first conviction;