524 So.2d 123 (1988)
STATE of Louisiana
v.
Booker T. KELLY.
Nos. KA-8206, KA-8744.
Court of Appeal of Louisiana, Fourth Circuit.
April 12, 1988.
*124 Harry F. Connick, Dist. Atty. of Orleans Parish, Beryl McSmith, Asst. Dist. Atty. of Orleans Parish, New Orleans, for plaintiff.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendant.
Before GARRISON, BARRY and ARMSTRONG, JJ.
BARRY, Judge.
The defendant was convicted of possession of cocaine with the intent to distribute, La. 40:967, and sentenced on June 4, 1987 to seven years at hard labor. On the same day a motion for appeal was granted (KA-8206) and the State filed a multiple bill. Under La.C.Cr.P. Art. 916(8) the trial court retained jurisdiction to sentence the defendant as a multiple offender. On July 7, 1987 a second multiple bill was filed by another assistant district attorney. Both bills listed the same predicate offense, (#315-149), relative to possession of methylphenidate, but listed the wrong date for the bill of information on the instant charge. The first bill specified March 19, 1987 and the second February 10, 1987, whereas the correct date was March 23, 1987. That typographical error and the filing of two multiple bills did not create prejudice since the defendant was adequately informed of the multiple bill(s) and he did not raise an objection prior to the adjudication. See State v. James, 305 So.2d 514 (La.1974); State v. Sam, 304 So.2d 659 (La.1974).
The defendant pleaded guilty to the multiple bill, the original sentence was vacated, and he was resentenced to ten years at hard labor without good time. A second motion for appeal was granted (KA-8744). The two appeals, Nos. KA-8206 and KA-8744, are now consolidated on our own motion.
The defendant's only assignment of error claims that his guilty plea to possession of methylphenidate (the predicate offense) is invalid because he was not advised of his right against self-incrimination and did not knowingly waive it.
A guilty plea is not valid unless it is an intelligent and voluntary choice. The defendant must expressly and knowingly waive his right to trial by jury, his right to confront his accusers, and his privilege *125 against compulsory self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971).
If the defendant objects to the voluntariness or its being a knowing plea, the State must affirmatively show through a contemporaneously recorded transcript that the plea was voluntary and made with an awareness of its consequences. State v. Bolton, 379 So.2d 722 (La.1979).
While it is preferable for the trial judge to conduct a colloquy with the defendant to ascertain the validity of the plea, such colloquy may not be indispensable, as long as the record contains some other affirmative showing to support the plea.
State v. Halsell, 403 So.2d 688, 690 (La. 1981).
At the multiple offender hearing the State introduced the bill of information, the guilty plea form, the docketmaster, the minute entry on July 31, 1986 (date of the guilty plea), and the Boykin transcript of the predicate offense. The colloquy in that transcript provides in pertinent part:
BY THE COURT:
Mr. Kelly, I have talked to your attorney. I think your attorney has talked to you about what I said I would do.
BY MR. KELLY:[1] Yes, sir.

* * * * * *
BY THE COURT:
Do you understand that you are giving up your right to be tried before a judge or a jury, and the right to face and cross examine the people who are accusing you of this crime?
BY MR. KELLY: Yes, sir.
BY THE COURT:
Did anybody force, threaten or intimidate you into entering this plea?
BY MR. KELLY: No, sir.
BY THE COURT:
Do you understand that you are giving up your constitutional right to take the witness stand and say anything you wanted to say in your own defense?
BY MR. KELLY: Yes.
BY THE COURT: Let the plea be recorded.
Although the colloquy does not cover the right against self-incrimination, the guilty plea form signed by the defendant covers the trilogy of rights. The court mentions that defense counsel talked to the defendant concerning his plea. On the plea form the defendant states that he understood the charge, wanted to plead guilty to possession of methylphenidate, and knew the potential range of sentences. He indicated that he understood and waived his right to a jury trial and to an appeal if convicted; to face and confront his accusers; the privilege against self-incrimination or having to take the stand and testify; and to have the court compel witnesses to testify.
The defendant initialed each specified right on the form. He also initialed the subsequent statement that he was pleading guilty because he was guilty of the crime, had not been forced, intimidated or promised anything in return for the plea, and was fully satisfied with his attorney and the court. The form was signed by the defendant, his counsel, and the trial judge. It clearly advised him of the privilege against self-incrimination as it would apply at trial and clearly provides for a waiver of that right. See State v. Age, 417 So.2d 1183 (La.1981).
The minute entry provides:
After conferring with attorney Watters the defendant waived the reading of the Bill of Information and entered a plea of Guilty as Charged. The defendant was sworn and Boykinized as per notes of the Court Reporter. The Court ordered the Guilty plea recorded.
Although a colloquy is preferred to prove a waiver of rights, other proof may be shown. See State v. Nuccio, 454 *126 So.2d 93 (La.1984); State v. Halsell, supra. A waiver of rights form may be considered, but is not sufficient proof of a knowing and voluntary waiver. See also State v. Rome, 469 So.2d 1150 (La.App. 4th Cir.1985).
State v. Arrington, 455 So.2d 1284 (La. App. 4th Cir.1984), also involved a colloquy which did not mention the privilege against self-incrimination. There the guilty plea form clearly listed the right against self-incrimination along with the other rights and was initialed and signed by the defendant. Defense counsel stated that he had advised the defendant of his constitutional rights and was satisfied that his client understood. This Court found those facts constituted a sufficient affirmative showing that the defendant had knowingly, intelligently and voluntarily waived his right.
In State v. Payton, 490 So.2d 554 (La. App. 4th Cir.1986), this Court held as sufficient a colloquy which recited only the right to a trial by jury, but in which the defendant answered a judge's query with the statement that his attorney had explained the three Boykin rights listed on his waiver of rights form that he had initialed and signed. In State v. Monroe, 508 So.2d 910 (La.App. 4th Cir.1987), the colloquy did not mention the right against compulsory self-incrimination, but the guilty plea form listed the three rights. During the colloquy the defendant answered affirmatively when asked whether defense counsel had explained the Plea of Guilty and Waiver of Constitutional Rights form. Citing to Arrington and Payton, the Monroe Court concluded the defendant had knowingly and voluntarily waived his right against self-incrimination.
The Supreme Court considered a similar deficient colloquy in which the defendant answered affirmatively when asked if he understood his rights and whether his attorney had gone over each paragraph. The court relied on defense counsel's written attestation that the defendant had been informed of his rights (including the privilege against self-incrimination) and the guilty plea form to find a valid waiver. State v. Halsell, 403 So.2d at 692.
In State v. Tucker, 405 So.2d 506 (La. 1981), the Supreme Court considered a plea form and a minute entry admitted at the multiple offender hearing. The minute entry stated that the trial court "questioned the accused under oath regarding his plea of guilty." In the plea form the defendant admitted his guilt, acknowledged his potential sentence, and indicated that he understood the triad of rights and waived them (initialed seven times including the three rights). The defendant, his attorney, and the trial judge signed the form. The Supreme Court found a valid waiver. See also State v. Dunn, 390 So.2d 525 (La. 1980); State v. James, 458 So.2d 501 (La. App. 4th Cir.1984).
We find there is a sufficient affirmative showing that the defendant knowingly, intelligently and voluntarily waived his constitutional privilege against self-incrimination. The predicate guilty plea was valid and a basis for the multiple offender charge.
The defendant's conviction and sentence as a multiple offender are affirmed.
AFFIRMED.
NOTES
[1] The defendant's name is spelled KELLY and KELLEY throughout the record.