EDWARDS, Judge
(dissenting).
I respectfully disagree with the reversal of the conviction and sentence. The purpose of Boykin was to set forth the guidelines that trial judges must follow in advising the defendant of his rights before accepting a guilty plea. Properly followed, the defendant’s constitutional rights are safeguarded. I find the record sufficient that the defendant was made aware of his rights as provided in the rights waiver form he signed in open court. He was further asked by the trial judge if he was aware of his rights. He said yes. He was asked if his attorney had explained his rights to him, and he said yes again. In State v. Tucker, 405 So.2d 506 (La.1981), the Louisiana Supreme Court stated:
To satisfy the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), there must be an affirmative showing in the record that the accused at the time he entered his guilty plea knowingly and voluntarily waived his constitutional privilege against self-incrimination, right to trial by jury, and right to confront his accusers.
While a direct colloquy between the trial judge and the defendant is favorable, under the guidelines set forth in Boykin, I find the defendant was fully aware of his rights on the day he plead guilty to his first D.W.I. offense. See State v. Arrington, 455 So.2d 1284 (La.App. 4th Cir.1984).