ARMSTRONG, Judge.
Defendant, Ernest Guillot, and his code-fendant were charged with and convicted of aggravated battery. Guillot was originally sentenced to serve eight years at hard labor a'nd his codefendant was sentenced to serve three years at hard labor.
Their convictions and sentences were affirmed by this court. State v. Guillot, 526 So.2d 352 (La.App. 4th Cir.1988). During the pendency of this appeal, the defendant was found to be a multiple offender, his original sentence was vacated, and he was resentenced as a second offender to serve eight years at hard labor.
By his sole assignment of error, Guillot contends that the trial court erred by finding him to be a second offender. Specifically, he argues that the trial court failed to advise him adequately of his right against self-incrimination at trial prior to taking his guilty plea in the predicate offense. At the multiple bill hearing, the state introduced, among other exhibits, the colloquy of the defendant’s prior guilty plea and the waiver of rights form. In the waiver form, the only reference to Guillot’s right against self-incrimination was contained in the final paragraph headed “By Defendant’s Attorney”, where Guillot’s at--torney attested that he has advised his client of, among other things, “his or her right against self-incrimination.” This portion of the waiver form was signed by the Guillot’s attorney. In the colloquy, the trial judge first asked Guillot if his attorney advised him of, among other rights, his right against self-incrimination and if he indicated he understood these rights. After the defendant replied affirmatively, the trial court then attempted to ascertain whether Guillot was pleading guilty freely and voluntarily. Although the trial court later elaborated on the other rights which Guillot was waiving by pleading guilty, it did not again mention the right against self-incrimination.
At the multiple bill hearing, the defense attorney objected to the use of this prior conviction to enhance his sentence, this objection based upon many grounds including the ground raised in this assignment of error. In response to this ground of the objection, the trial court noted:
As far as — Even in the colloquy Judge LeBrun does say do you understand that you are giving up the right to self-incrimination. I have to agree with you as far as I am personally concerned. I think the Defendant needs to be informed a little more of that right, but I knew you were going to bring it up. But I feel the Appellate decisions have come down that that is sufficient. I know I go into greater detail, but that is my own personal feeling, not the laws as it has been set forth at this time. (4/11/88 tr. 11-12)
Many of the early cases dealing with the sufficiency of the advisement of the right against self-incrimination turned upon whether the trial court advised the defendant of his right against self-incrimination at trial. State v. Age, 417 So.2d 1183 (La.1981); State v. Robicheaux, 412 So.2d 1313 (La.1982), and State v. Smith, 477 So.2d 875 (La.App. 4th Cir.1985). Beginning with State v. Hayes, 412 So.2d 1323 (La.1982) and more recently the court has been moving away from a rigid application of the Boykin requirements. State v. Yarbrough, 418 So.2d 503 (La.1982) at 510. See also: State v. Brooks, 501 So.2d 812 (La.App. 4th Cir.1986), State v. Pegg, 513 So.2d 393 (La.App. 4th Cir.1987), State v. Dufrene, 488 So.2d 225 (La App. 4th Cir.1986), State v. Lawson, 474 So.2d 455 (La.App. 4th Cir.1985), State v. Hammer, 468 So.2d 5 (La.App. 4th Cir.1985) and State v. Murray, 436 So.2d 775 (La.App. 4th Cir.1983).
The facts of the instant case can be most closely compared to that in State v. Monroe, 508 So.2d 910 (La.App. 4th Cir.1987). The colloquy indicated that after receiving an affirmative response to the question of whether the defense counsel explained the rights on the waiver form, the court then advised the defendant of his rights, but failed to mention the right against self-incrimination. Citing State v. Payton, 490 So.2d 554 (La.App. 4th Cir.1986) and State v. Arrington, 455 So.2d 1284 (La.App. 4th Cir.1984), this court found adequate compli- *257 anee with Boykin due to the defendant’s answer that his attorney had advised him of the rights listed on the waiver form. The trial court did not err in relying on the defendant’s conviction in the predicate offense to enhance his sentence as a second offender.
Guillot relies on State v. Lynch, 441 So.2d 732 (La.1983) to argue that where the minute entry contradicted the transcript as to whether the defendant was fully informed of his rights, the court found that the transcript prevailed. See also: State v. Godejohn, 425 So.2d 750 (La.1983). It does not appear that the minute entry in the predicate offense was introduced at the multiple bill hearing; instead, the colloquy itself was introduced.
Guillot further argues that the State failed to prove that his attorney cured the deficiency in the Boykinization, unlike State v. Arrington, 455 So.2d 1284 (La. 4th Cir.1984) where the defense attorney orally stated he had advised the defendant of his rights or State v. Halsell, 403 So.2d 688 (La.1981) where the defense attorney made a written attestation. The defendant relies on State v. Age, supra to say that the deficiency in the colloquy is not cured by the inclusion of a paragraph in the waiver form. “Such advice is meaningless to one who has not been informed that he has a right.” id at 1189.
In light of this court’s holding in Monroe it appears that the trial court adequately advised Guillot of his right against self-incrimination.
For the foregoing reasons, Guillot’s sentence as a second offender is affirmed.
AFFIRMED.