BARRY, Judge.
On November 28,1988 relator pled guilty as charged to two counts of simple burglary (No. 329-490) and was sentenced to five years at hard labor. Each count is to run concurrently with the first year to be served without probation, parole or suspension of sentence. On December 20, 1988 relator pled guilty to a multiple bill and was resentenced to four years at hard labor without benefit of probation, parole or suspension of sentence.
In his application for post-conviction relief relator listed nine claims, one of which claimed error because he was not advised of his constitutional rights prior to the court’s acceptance of his simple burglary guilty plea. The trial court denied the application.[1] Relator filed this writ and again claims that his guilty plea was not valid, plus a number of other claims.
A guilty plea is not valid unless it is intelligent and voluntary. The defendant must expressly and knowingly waive his right to trial by jury, his right to confront his accusers, and his privilege against compulsory self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State ex rel Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971).
The transcript indicates a very brief colloquy. Relator answered affirmatively when asked by the trial court whether he understood he was pleading guilty to simple burglary and that the court could impose a maximum sentence on each count of 12 years and a $10,000 fine. Relator answered negatively when asked whether anyone had forced, threatened or intimidated him or promised him anything in return for the plea. Relator stated he was satisfied with the way his attorney represented him and he had no question to ask the court. The trial court then asked him whether he understood he was giving up his Fifth Amendment right “that if we had a trial it wouldn’t be necessary for you to take the witness stand and testify.” The relator answered affirmatively and the guilty plea was recorded.
Although the minute entry states that the court advised relator of his three constitutional rights under Boykin, the transcript clearly shows that he was not advised of his right to trial by jury and to confront his accusers. The court only informed him of his privilege against self-incrimination. When there is a conflict between the minute entry and the transcript of the colloquy, the transcript controls. State v. Lynch, 441 So.2d 732 (La.1983).
*742 The only mention of the right to trial by jury and the right to face and cross-examine the witnesses against him is in the defendant’s guilty plea form. However, in the transcript the trial court does not mention the guilty plea form or note that defense counsel had discussed those rights.
Prior jurisprudence has upheld guilty pleas when the trial court noted the defendant’s signed guilty plea form during the colloquy along with the fact that counsel had spoken to his client about the guilty plea, or counsel so indicated during the proceedings or by documentation. State v. Kelly, 524 So.2d 123 (La.App. 4th Cir.1988), writ denied 531 So.2d 262 (La.1988); State v. Monroe, 508 So.2d 910 (La.App. 4th Cir.1987); State v. Payton, 490 So.2d 554 (La.App. 4th Cir.1986); State v. Arrington, 455 So.2d 1284 (La.App. 4th Cir.1984). See also State v. Tucker, 405 So.2d 506 (La.1981); State v. Halsell, 403 So.2d 688 (La.1981).
In this case the trial court did not ask relator if he understood his rights on the plea form and did not question him as to any discussion with his attorney. The transcript does not indicate that counsel informed the relator of all three rights or that he discussed the guilty plea form with relator.
We find no affirmative showing that the relator knowingly, intelligently and voluntarily waived his constitutional right to a trial by jury and to confront his accusers.
Relator’s November 28, 1988 guilty plea in # 329-490 to two counts of simple burglary under R.S. 14:62 and sentence is vacated. The matter is remanded for proceedings consistent with this opinion.
GUILTY PLEA AND SENTENCE VACATED; REMANDED.
PLOTKIN, J., concurs in part and dissents in part.

. The trial court denial of relator's application lists one count of simple burglary of an inhabited dwelling under La.R.S. 14:62.2 (No. 329-525) to which relator apparently pled guilty at the same time as he pled guilty to the two counts of simple burglary. Relator does not mention the other charge (# 329-525) in this writ application and does not request that his guilty plea to that charge be vacated.