NORRIS, Judge.
Pursuant to a plea bargain, John Wayne Palmer pled guilty to a reduced charge of attempted distribution of cocaine, La.R.S. 40:967A(1), 14:27, and guilty as charged to possession of a firearm by a convicted felon, La.R.S. 14:95.1. In addition to the favorable CDS plea, the state dropped a charge of illegal possession of an unregistered firearm. La.R.S. 40:1785. The state also recommended that he receive a sentence of three years at hard labor on the CDS charge to run concurrently with his sentence on the firearms charge. The court imposed the recommended sentence on the drug charge and a concurrent sentence of three years at hard labor on the firearms charge, the latter without benefit of parole, probation or suspension of sentence and a suspended fine of $1,000.
Palmer now appeals, urging only that the trial court did not adequately inform him of his right against self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971).
*1080 When Palmer tendered his guilty plea, the following colloquy occurred:
THE COURT: Do you understand that in entering a plea of guilty, you are waiving your right to trial by jury, your right to confront the witnesses in this case and cross examine these witness [sic] at trial, and your right against compulsory self-incrimination?
THE DEFENDANT: Yes, sir.
R. pp. 57-58.
Elsewhere the trial court determined that Palmer was 32 years old and completed the 12th grade; the narrative supplement to the initial police report states that Palmer is the owner of a bar on Fannin Street. Palmer also stated that he understood the charges and the sentencing ranges; he denied any coercion and specifically acknowledged that as a result of the plea bargain, he could not be multiple billed for both offenses. R. p. 58. The court found the pleas were freely and voluntarily entered.
The trial court in accepting a guilty plea must make sure that the accused has a full understanding of what the plea connotes and of its consequences. Thus the court must inform the defendant of the privilege against self-incrimination, the right to trial by jury, and the right to confront one’s accusers. Boykin, supra, 395 U.S. at 243, 89 S.Ct. at 1712; see also La.C.Cr.P. art. 556. The waiver must be express and knowing. State v. Nuccio, 454 So.2d 93 (La.1984). However, when the transcript shows that the court properly informed the defendant of his rights and of the nature of the charge, and the defendant cogently replied, a later unsupported claim that he did not understand his rights is usually not ground to vacate the plea. State v. Trahan, 412 So.2d 1294 (La.1982); State v. Mims, 552 So.2d 664 (La.App.2d Cir.1989).
Palmer urges on appeal that the court should have explained that he was waiving “his right to remain silent and that if the case went to trial that he could not be called to the stand to testify against himself.” He asks, “How many people know what it means when they hear ‘right against self-incrimination’?”
On this record, there was nothing to suggest to the trial court that Palmer did not understand his rights. He answered the court’s questions cogently; his age, education, business experience and prior criminal involvement further suggest ample general understanding. Palmer does not even contend that he failed to grasp his rights; the question is posed generally and rhetorically. There was nothing to suggest to the trial court that Palmer needed any further elaboration of the right against self-incrimination.
This court has held that advising such a defendant that he was “giving up the right against compulsory self-incrimination” satisfies the requirements of Boykin. State v. Scott, 566 So.2d 187 (La.App.2d Cir.1990). Other courts have also approved this form of advice with defendants who appear to understand. See, e.g., State v. White, 517 So.2d 461 (La.App. 1st Cir.1987), writ denied 521 So.2d 1184 (La.1988); State v. Guillot, 550 So.2d 255 (La.App. 4th Cir.1989), writ denied 556 So.2d 55 (La.1990).
The instant Boykin colloquy was adequate to inform Palmer of his rights and the trial court did not err in finding the guilty plea was knowingly and voluntarily entered. The assignment of error does not present reversible error.
Palmer has also requested that we review the record for errors patent. La. C.Cr.P. art. 920(2). The court advised him of the sentencing range for the firearms without stating it was necessarily at hard labor. R. p. 58. However, it is clear from the prosecutor’s (Mr. Keele’s) remarks and Palmer’s replies that both sentences were to be at hard labor. The omission is harmless error. La.C.Cr.P. art. 921. We find nothing else we consider to be error patent.
For the reasons expressed, John Wayne Palmer’s convictions and sentences are affirmed.
AFFIRMED.