713 So.2d 579 (1998)
STATE of Louisiana
v.
Lester JOHNSON.
No. 97-KA-0605.
Court of Appeal of Louisiana, Fourth Circuit.
April 22, 1998.
*580 Harry F. Connick, District Attorney, Margaret E. Hay, Assistant District Attorney, New Orleans, for Appellant.
Before KLEES, LOBRANO and CIACCIO, JJ.
LOBRANO, Judge.
On July 21, 1992, the defendant, Lester Johnson, was charged by bill of information with possession of four hundred grams or more of cocaine, a violation of La. R.S. 40:967, and possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1.[1] On July 29, 1992, he was arraigned and pled not guilty. These two counts were charged in the same bill of information but were severed for trial. On July 22, 1993, a jury found the defendant guilty as charged on the possession of cocaine count. The *581 defendant filed a motion for new trial based, in part, on his contention that the charges against him should be quashed because an earlier forfeiture of $976.00 constituted punishment, and the double jeopardy clause prohibits successive punishment for the same criminal conduct. On October 19, 1993, the trial court granted the defendant's motion on the double jeopardy ground only. On writs, this Court reversed the trial court. State v. Johnson, 93-2557 (La.App. 4 Cir. 2/11/94), 632 So.2d 817. The Louisiana Supreme Court affirmed this Court's decision. State v. Johnson, 94-1077 (La.1/16/96), 667 So.2d 510.
On July 1, 1996, the defendant was sentenced to serve fifteen years at hard labor plus pay a fine of $25,000; the court suspended the fine. Defense counsel moved for a reconsideration of the sentence. The State filed a multiple bill of information charging the defendant with being a second offender. After several continuances, the multiple bill hearing commenced on October 23, 1996. After the State provided evidence of identity, the defense requested a recess to allow it time to obtain the guilty plea transcript from the predicate conviction. Over the State's objection, the trial court agreed and set the matter for November 6, 1996. The State gave notice of its intent to file writs and was given until November 6. Also on October 23, 1996, the trial court granted a motion to quash the second count, possession of a firearm by a convicted felon, on the grounds that the prescriptive period to commence trial had elapsed.
The multiple bill hearing was completed on November 6, 1996 as scheduled. The trial court found the defendant not to be a multiple offender. The State objected and again gave notice of its intent to file a writ. Also, because the State had never filed its writ from the October 23, 1996 trial court ruling which granted the recess, the State obtained an extension. We denied writs, finding that the State had an adequate remedy on appeal. State v. Johnson, 96-K-2524 (La.App. 4 Cir. 12/4/96), unpub. The State perfects this appeal raising three errors.

ASSIGNMENT OF ERROR ONE:
The State contends that the trial court erred in granting the motion to quash the firearm count which motion was granted on the basis that the time limitations pursuant to La.C.Cr.P. art. 578(2) had expired. The State argues that when it took writs from the granting of the motion for new trial in the cocaine case on October 19, 1993, there was an impediment to proceeding on the firearm charge, and that when the Supreme Court issued its ruling on January 16, 1996, the State had one year from that date to bring the firearm charge to trial. The State also argues that from the time it took writs from the granting of the motion for new trial through the pendency of the review of that ruling by this Court and the Supreme Court, a cause for delay existed which was beyond the State's control. Finally, the State argues that if it had proceeded on the firearm charge, another motion for new trial would have been filed, which the State would have had to litigate, resulting in a waste of judicial resources. The defendant counters that once the counts were severed for trial, there was no impediment to proceeding on the firearm conviction. He also argues that, even assuming that the entire case was stayed during the pendency of this court's action and that of the Supreme Court, sixteen months passed between the time the prosecution was begun by the filing of the bill of information before the stay order was granted November 29, 1993, and that another ten months passed between the Supreme Court's ruling and the October 23, 1996 hearing, for a total of twenty six months, longer than the two years allowed by article 578(2).
C.Cr.P. art. 578 provides in part: "Except as otherwise provided in this Chapter, no trial shall be commenced: ... (2) In [noncapital] felony cases after two years from the date of institution of the prosecution". Art. 579 provides in part: "A. The period of limitation established by Article 578 shall be interrupted if: (1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or... (3) The defendant fails to appear at any *582 proceeding pursuant to actual notice, proof of which appears of record." La.C.Cr.P. art. 580 provides for a suspension of the time limitation when the defendant files a motion to quash or a preliminary plea: "When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial." A defendant's remedy is a motion to quash. La.C.Cr.P. art. 581. When a defendant seeks to quash the charges against him due to a violation of the art. 578 time limitations, the State bears the burden of showing that an interruption as envisioned by art. 579 or a suspension as envisioned by art. 580 occurred. The State is held to a "heavy burden" of showing just and legal cause for the interruption. State v. Joseph, 93-2734 (La.6/3/94), 637 So.2d 1032; State v. Taylor, 439 So.2d 410 (La.1983).
Here, the State elected to proceed on the cocaine charge, and severed the firearm charge. Once severed, there was no impediment which prevented the State from proceeding with the firearm charge. The appellate review of the trial court's granting of defendant's motion for new trial on the cocaine charge had no delaying effect on the State's ability to proceed to trial on the firearm charge, regardless of the fact that both charges were filed under the same case number. Under the article 578(2) time limitations, the State did not timely commence trial on the firearm charge. Thus, the motion to quash that charge was correctly granted.
Additionally, the State's argument that another motion for new trial would have been filed on double jeopardy grounds fails, because the double jeopardy argument in the possession of cocaine case was based on the seizure of property pursuant to La. R.S. 32:1550(A)(3), not the firearms charge. There is no provision in the law for a motion for forfeiture of property connected with a firearm charge, and thus the basis for the motion for new trial on the drug charge did not exist for the firearm charge.
This assignment of error is without merit.

ASSIGNMENT OF ERROR TWO:
The State filed a bill of information alleging that the defendant was a second offender, stating that his prior conviction was a guilty plea to possession with intent to distribute cocaine "in case number 344-475 of the docket of Section `I'". At the multiple bill hearing on October 23, 1996, the defense filed a motion to quash the multiple bill. The motion was based on the fact that the previous conviction was obtained in Section Ad Hoc 1, not Section "I". Defense counsel argued that the multiple bill of information was legally insufficient, and that if the defense had had the chance to obtain the transcript of the earlier plea, it would have in fact been able to prove that the defendant had not been properly Boykinized. Defense counsel explained that if the multiple bill of information had been factually correct in stating that the previous conviction was in Section Ad Hoc 1, he would have filed his motion to quash sooner. The court allowed the defense time to get the transcript.
The State now complains that the trial court erred in holding the hearing open, or in continuing the hearing, because to do so was in violation of La. R.S. 15:529.1 D(1)(a) and (b). We pretermit discussion of this procedural issue because we find that the Boykinization in defendant's predicate offense was constitutionally sufficient.

ASSIGNMENT OF ERROR THREE:
The State complains that the trial court erred in finding that the Boykinization of the defendant in the prior felony case was constitutionally insufficient.
In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) the United States Supreme Court emphasized three federal constitutional rights which are waived by a guilty plea: the privilege against self-incrimination; the right to trial by jury; and the right to confront one's accusers. The purpose of the Boykin rule is to ensure that the defendant had adequate information to plead guilty intelligently and voluntarily. The Supreme Court in Boykin announced its unwillingness to presume a waiver of these important rights from a silent record. Boykin was adopted by the Louisiana Supreme *583 Court in State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971). The requirements enunciated in Jackson apply to all pleas of guilty taken after December 8, 1971. State ex rel. LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557 (1972).
It is well established that the colloquy between the trial judge and the defendant is the best evidence to show that the defendant had knowingly and voluntarily waived his rights by the guilty plea. State v. Rome, 469 So.2d 1150 (La.App. 4th Cir.1985); State v. Holden, 375 So.2d 1372 (La.1979). Although preferred, a colloquy is not the only method to prove a proper waiver. State v. Nuccio, 454 So.2d 93 (La.1984).
In State v. Arrington, 455 So.2d 1284 (La. App. 4th Cir.1984), this Court, relying on State v. Halsell, 403 So.2d 688 (La.1981) and State v. Tucker, 405 So.2d 506 (La.1981), found that a well executed waiver of rights form could be used in conjunction with a transcript of the colloquy to prove that the defendant knowingly and voluntarily waived his rights. See also State v. James, 458 So.2d 501 (La.App. 4th Cir.1984); State v. Washington, 406 So.2d 191 (La.1981). In all of these cases, the record affirmatively showed either that counsel had explained these rights to the defendant or that the defendant understood the rights as stated on the form. See also State v. Payton, 490 So.2d 554 (La.App. 4th Cir.1986).
In this case, the State presented a well executed guilty plea form and a colloquy in which the defendant was clearly advised of his three Boykin rights. As such, the State carried its burden of proof at the multiple bill hearing by showing that the defendant knowingly and voluntarily waived his rights. Therefore the trial court erred in not finding the defendant to be a multiple offender.
For the reasons stated above, we affirm the granting of the motion to quash the firearm charge. However, we vacate the trial court's finding that the defendant was not a multiple offender and remand for further proceedings.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
NOTES
[1] A co-defendant, Barbara Williams, who is the defendant's mother, was also charged with the cocaine possession count, but her trial was later severed from that of the defendant.