11WEIMER, Justice.
We granted a writ in this case to determine whether the time limitations of LSA-C.CrJP. art. 578 et seq. barred the prosecution of Larry Washington on a count of aggravated rape which was joined by indictment with a count of armed robbery that occurred in conjunction with the rape. Concluding the court of appeal erred in *724 finding prosecution for the rape was time barred, we reverse and remand to the district court for further proceedings consistent with this opinion.
FACTS AND PROCEDURES
Larry Washington was arrested as a suspect in the following criminal acts: 1) an armed robbery committed in conjunction with the rape[1] of S.G. on November 21, 1997; 2) an armed robbery that occurred on November 28, 1997; and 8) an armed robbery that occurred on November 25,1997. Filings and proceedings pertinent to the issues raised in this court are listed, as follows, in chronological order.
December 3, 1997: Bill of Information No. 97-2112 was filed charging Washington with three counts of armed robbery.
laMarch 3, 1998: A Grand Jury returned a single true bill, Nos. 97-2112B and 97-2112C, alleging Washington committed the aggravated rape and armed robbery of S.G.
March k, 1998: Washington was arraigned on the counts alleged in the true bill.
July 20, 1998: As part of a plea agreement, Washington entered pleas of guilty to an amended charge of forcible rape of S.G. and three counts of armed robbery, including the armed robbery that occurred in conjunction with the rape.
^April 6, 2000: Washington filed an application for post conviction relief based upon the grounds of a broken plea agreement.
June 21, 2000: The trial court set aside Washington’s plea to the forcible rape count, because during the Boykin[2] guilty-plea proceeding, the court failed to advise him of the sex offender notification law, LSA-R.S. 15:542.
September 26, 2000: Washington gave notice of intention to apply for supervisory writs.
November 29, 2000: Washington applied for writs to the Court of Appeal, Third Circuit, claiming the guilty pleas for the armed robberies should have been set aside with his plea to the forcible rape count.
May 29, 2001: The appellate court granted Washington’s writ, setting aside his guilty plea to the three armed robberies on the grounds that when one count that was part of a plea agreement is set aside, the whole agreement must be set aside. (See “DISCUSSION,” infra.)
July 6, 2001: Washington filed a motion to quash the re-instituted aggravated rape[3] count and the armed robbery counts on grounds of time limitations.
August 8, 2001: The hearing on the motion to quash was scheduled, following which the trial court denied Washington’s motion.
October 23, 2001: Washington applied for a supervisory writ to the Court of Appeal, Third Circuit, challenging the trial court’s ruling denying his motion to quash the rape and armed robbery counts.
| «November 26, 2001: In preparation for trial of the counts of armed robbery and aggravated rape of S.G., the State *725 filed a notice of intent to introduce the crime laboratory report evidencing Washington’s sperm found in the anus of the victim of the armed robbery and rape.
December 19, 2001: Washington filed an application for appointment of a sanity commission. The record before us reveals the sanity commission hearing was scheduled for March 6, 2002, but there is no indication the trial court has ruled on the issue.
February 28, 2002: The third circuit denied Washington’s writ in part, finding the trial court did not err when it refused to quash the armed robbery counts for failure to prosecute timely.[4] However, the third circuit granted the writ in part, finding the trial court erred in refusing to quash the aggravated rape count for failure to prosecute timely. Thereafter, the State filed a writ application to this court, which was granted.
DISCUSSION
In argument to this court, the State urges the court of appeal erred in finding the State had only one year pursuant to LSA-C.Cr.P. arts. 580 and 582 from the granting of a new trial on the aggravated rape count of the Grand Jury indictment to try Washington for the aggravated rape when the joined armed robbery count of the indictment was still in the appellate process. We agree.
In State v. Carter, 352 So.2d 607, 608-610 (La.1977)[5], this court explained:
Joinder of offenses is the charging of an accused with two or more crimes as multiple counts in a single indictment. Unless these offenses are later severed, and hence, split for separate trials, all offenses joined in one charge will be tried together at a single trial.
[[Image here]]
In 1975, the Louisiana legislature, apparently responding to a need for increased efficiency in the handling of criminal trials, liberalized the restrictive state rule on joinder of offenses.... The | legislature also added to our law a provision for severance of joined offenses[.]
Since 1975, LSA-C.Cr.P. art. 493 has provided:
Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial.
Pursuant to the provisions of LSA-C.Cr.P. art. 493, the indictment that charged Washington in separate counts with aggravated rape and armed robbery ensuing from two acts connected together was proper.[6] Thus, if Washington had *726 filed a motion to sever, it would have been properly denied. Cf. State v. McZeal, 352 So.2d 592 (La.1977) (The joinder of aggravated rape and armed robbery would have been proper but for the fact aggravated rape was classified as a capital offense at that time, but armed robbery was not; thus, the joined counts did not satisfy the requirement of being triable by the same mode of trial.) We agree with the State that Washington’s application for a writ to the third circuit court to review the denial by the trial court of post-conviction relief on the armed robbery counts prevented the State from proceeding to trial on the aggravated rape count because of the proper joinder of the two counts in the indictment.
On May 29, 2001, the appellate court granted Washington’s writ, stating:
WRIT GRANTED AND MADE PEREMPTORY. Relator pled guilty to three counts of armed robbery pursuant to a plea agreement in which he also pled guilty to one count of forcible rape. On June 21, 2000, on application for post-conviction relief, the trial court set aside Relator’s plea to forcible rape, but did not set aside his pleas to the three counts of armed robbery. When a plea of guilty to one count that was part of a plea agreement is set aside, the whole agreement must be set aside. Thus, the trial court erred by not setting aside Relator’s pleas to each of the three counts |fiof armed robbery. State v. Presley, 99-802 (La.App. 3 Cir. 3/1/00); 758 So.2d 308. Accordingly, Relator’s pleas to each of the three counts of armed robbery are set aside and the case is remanded to the trial court for further proceedings. Relator’s remaining assignments of error are rendered moot and are not considered.[7]
However, less than a year later, on February 28, 2002, in ordering that the rape count be quashed, the third circuit court did not mention its May 29, 2001 ruling. The court stated:
The trial court granted Relator’s motion to withdraw his guilty plea on June 21, 2000. Pursuant to La.Code Crim. P. arts. 580[8] or 582,[9] the State had one year from the trial court granting the withdrawal of Relator’s guilty plea or two years from institution of prosecution, whichever period was longer. See State v. Wiggins, 432 So.2d 234 (La.1983). At the time Relator filed his motion to quash in July 2001, the one year period had elapsed. Additionally, at the time the trial court granted Relator’s motion to withdraw guilty plea, the two-year period had elapsed. The State *727 failed to offer any proof that the time limitations were interrupted or suspended. See State v. Harris, 29,574 (La.App. 2 Cir. 5/7/97); 694 So.2d 626.
The error in the appellate court’s reasoning is that it used the date of the trial court’s ruling vacating Washington’s guilty plea on the forcible rape charge instead of the date of its own order setting aside the pleas to each of the three counts of armed robbery. Because of the joinder of the aggravated rape count and the November 21, 1997 armed robbery in the indictment by operation of law and because of the 16“joining” by the parties of the four counts in the plea agreement, the trial court’s ruling of June 21, 2000, did not become final until the pleas to the armed robberies were set aside by the appellate court on May 29, 2001. Thus, the one year time period allowed for the State to commence trial had not elapsed when Washington filed his motion to quash in July 2001.[10]
Finally, in response to the State’s argument concerning joinder, Washington argues he pled guilty to the November 21, 1997 armed robbery count in the Bill of Information, not to the November 21, 1997 armed robbery count in the Grand Jury indictment. In support of his argument, he relies on the fact that there were different numbers for the Bill of Information and for the two counts in the indictment. He points out the State has not filed a motion to consolidate for trial or otherwise consolidated the charges in docket number 97-2112 with the indictments in docket numbers 97-2112B and 97-2112C. He states the only time the armed robberies in the Bill of Information and the aggravated rape in the indictment were “linked” was when the sentences imposed for each crime were made to run concurrently pursuant to the plea agreement.
Washington’s argument is clearly untenable. First, the order of the third circuit court dated May 29, 2001, rendered pursuant to Washington’s writ application, specifically held that the plea agreement was one “whole agreement” thus providing a “link” even if one did not exist before. Washington acquiesced in that ruling and the State did not apply for a writ to this court; thus, the May 29, 2001 order is final.
17More importantly, as stated previously, the November 21, 1997 armed robbery was joined by operation of law with the aggravated rape. LSA-C.Cr.P. art. 498. This is a controlling factor, which relieves the State of any alleged obligation to “consolidate” the Bill of Information and the indictment. When Washington entered a plea of guilty, he pled guilty to the November 21, 1997 armed robbery itself, not to a count in a Bill of Information. The fact that his guilty plea incorporated different numbers is immaterial. See State v. Johnson, 97-0605 (La.App. 4 Cir. 4/22/98), 713 So.2d 579, 582, (The fact that two counts in a Bill of Information, which had been severed for trial by the State, had the same number had no bearing on the issue of whether the time limitation of Article 578 had elapsed.)
*728 CONCLUSION
To summarize, once Washington pled to all four counts and received concurrent sentences, he acquiesced in the joining of these charges. While the armed robberies remained in the appellate process, the time period in which to prosecute the rape count remained suspended. It was Washington’s appeal of the armed robbery-counts that suspended the time period applicable to the rape count. Once the counts were joined in the plea agreement and the “whole agreement” was not disposed of in the trial court’s ruling on the rape count, the State was not obligated to commence the trial. Further, once the aggravated rape count and the armed robbery count were joined by operation of law in the indictment, these counts did not become separate absent a severance. Neither the defendant nor the State moved for a severance.
Finding the appellate court erred in partially granting Washington’s writ and reversing the trial court’s denial of his motion to quash, we reverse that portion of the appellate court’s ruling. We remand this matter to the trial court for further proceedings consistent with this opinion.
| .ORDER QUASHING RAPE INDICTMENT REVERSED; MATTER REMANDED TO DISTRICT COURT.
KNOLL, J., concurs in the result.

. Washington was originally charged with aggravated rape, but pursuant to a plea bargain the charge was reduced to forcible rape.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

.Because the plea agreement relative to the forcible rape was set aside, the State apparently re-instituted the original charge of aggravated rape.

. Washington did not file a writ application on this ruling, nor urge the issue in argument to this court. Thus, the ruling of the court of appeal denying Washington's motion to quash the armed robbery counts is final.

. Citing the federal rules of criminal procedure and the American Bar Association Standards for Joinder and Severance, then Associate Justice Calogero as organ for the court in Carter performed an erudite comparative analysis of Louisiana's newly enacted rules on the subject. The opinion went into considerable detail concerning the similarities and differences between the Louisiana legislation, the federal rules, and the ABA standards. State v. Carter, 352 So.2d at 608-611.

.It is immaterial that the November 21 robbery was joined by the Bill of Information with the other two robberies. Such a joinder did not prevent the November 21 robbery *726 from being joined with the aggravated rape in the indictment. Obviously, the defendant could not have been tried more than once for the November 21 robbery.

.Thus, although the aggravated rape and the armed robbery had been joined by operation of law since the date of the Grand Jury indictment, all four counts (three armed robberies and one rape) were effectively “joined” by court order when the appellate court found they were all four part of the "whole agreement” between the State and the defendant that led to Washington’s entering a guilty plea.

. LSA-C.Cr.P. art. 580 provides: "When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial."

. LSA-C.Cr.P. art. 582 provides: “When a defendant obtains a new trial or there is a mistrial, the state must commence the second trial within one year from the date the new trial is granted, or the mistrial is ordered, or within the period established by Article 578, whichever is longer."

. Further, on December 19, 2001, which was within the one-year period following the vacating of the guilty pleas to the armed robberies, Washington filed an application for the appointment of a sanity commission. According to LSA-C.Cr.P. art. 580, that preliminary motion suspended the time limitation until a ruling was made on his sanity. Thus, the State would have one year from the date of the trial court's ruling on the report of the sanity commission in which to try Washington for aggravated rape.
Because of our disposition of this matter, it is unnecessary for us to address whether the appellate court was correct in stating the two-year limitation of Article 578 also had elapsed.